815 A.2d 598

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Gilbert JONES, Appellant.**

Supreme Court of Pennsylvania.

Submitted March 10, 2000.

Decided Dec. 31, 2002.

Reconsideration Denied Feb. 20, 2003.

Robert Brett Dunham, Philadelphia, James Moreno, for Gilbert L. Jones.

Catherine Marshall, Philadelphia, for Commonwealth of PA.

Before ZAPPALA, C.J., and CAPPY, CASTILLE, NIGRO, NEWMAN, SAYLOR and EAKIN, JJ.

### OPINION ANNOUNCING THE JUDGMENT OF THE COURT

Justice CASTILLE.

This is an appeal from the denial of appellant's petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq.* For the reasons set forth below, we find that appellant is not entitled to relief and, accordingly, we affirm the order of the PCRA court.

On December 23, 1990, appellant met his former girlfriend, Edna Dorsey, in a South Philadelphia bar. When Ms. Dorsey rejected appellant's proposition that she resume seeing him, even though he intended to marry another woman, appellant drew a handgun and shot Ms. Dorsey in the neck, and then shot her three more times as she lay on the floor, killing her. Appellant left the bar and drove to his home at 6133 Walnut Street in West Philadelphia where he saw Earl Jones, who had been convicted of voluntary manslaughter in the stabbing death of appellant's son six years earlier, entering the house next door. Appellant retrieved a .30–.30 caliber rifle from his house, forced his way into the house next door, and chased Jones upstairs. Jones entered the front bedroom, where

Jacqueline Jones, Alan Whitfield, and Felicia Hubert were watching television, and escaped through the window. Appellant entered the bedroom and killed Jacqueline Jones, Whitfield, and Hubert.[1]

On August 18, 1992, a jury found appellant guilty of four counts of first degree murder, two counts of possessing an instrument of crime, and one count of burglary. Following a penalty hearing, the jury returned verdicts of death on three of the murder counts and a sentence of life imprisonment on the fourth. In addition, the trial court later sentenced appellant to concurrent terms of one to five years on each of the possession of an instrument of crime charges and ten to twenty years on the burglary charge. Appellant was represented at trial and on post-verdict motions by Edward Daly, Esquire.

Represented by new counsel, Mitchell Scott Strutin, Esquire, appellant appealed to this Court, raising nearly two dozen claims, most involving allegations that trial counsel had been ineffective. This Court reviewed the claims on the merits and affirmed the convictions and sentences on September 18, 1996. *Commonwealth v. Jones, supra.*

On January 17, 1997, appellant filed a *pro se* PCRA petition. John Cotter, Esquire, was appointed to represent appellant. Attorney Cotter filed an amended petition and supporting memorandum of law on September 9, 1997. On May 8, 1998, the PCRA court, per the Honorable C. Darnell Jones, II, dismissed the amended petition without a hearing, and Attorney Cotter filed an appeal to this Court.

After the notice of appeal was filed, James Moreno, Esquire, of the Capital Habeas Unit of the Federal Court Division of the Defender Association of Philadelphia, entered an appearance, and appointed counsel subsequently withdrew. Judge Jones filed an opinion on December 9, 1998, addressing the four issues which appellant had raised in his amended petition.

1. The facts underlying appellant's convictions are set forth in further detail in the opinion on direct appeal, *Commonwealth v. Jones*, 546 Pa. 161, 683 A.2d 1181 (1996).

Attorney Moreno then filed a brief in this Court, listing sixteen claims for relief, and a separately-bound "Index." The Index includes a copy of Attorney Cotter's amended PCRA petition, as well as a 164–page document, styled as a "Second Amended Petition for Habeas Corpus Relief Under Article I, Section 14 of the Pennsylvania Constitution and for Statutory Post Conviction Relief under the Post Conviction Relief Act." The Second Amended PCRA Petition is dated November 8, 1999, the same day that appellant filed his brief in this Court, but is captioned as being in "The Court of Common Pleas of Philadelphia County, Pennsylvania." There is neither representation nor record indication that appellant actually filed, or attempted to file, the Second Amended PCRA Petition in the court below.[2]

Appellant's brief in this Court raises essentially the same claims set forth in the non-record Second Amended PCRA Petition. The claims, as stated in the brief, are as follows:

1. Whether appellant is entitled to relief from his invalid conviction and sentence despite his failure to raise these claims in prior proceedings because he was denied his right to effective assistance of post-conviction counsel rendering the reliability of the PCRA proceedings invalid.

2. Whether trial counsel violated appellant's right to effective counsel by disclosing to the Commonwealth damaging information contained in a psychiatric evaluation that was privileged and confidential pursuant to the attorney-client privilege and not otherwise discoverable, resulting in the Commonwealth's presentation of appellant's expert as an adverse witness.

---

**2.** We note that, under this Court's precedent, appellant could not file a second PCRA petition while the appeal from a prior petition was pending in this Court:

> Appellant could not have filed his second PCRA petition in the court of common pleas while his first PCRA petition was still pending before this court. The trial court had no jurisdiction to adjudicate issues directly related to this case; only this court did.

*Commonwealth v. Lark*, 560 Pa. 487, 746 A.2d 585, 588 (2000). *Accord Commonwealth v. Bond*, 819 A.2d 33, 52, 2002 WL 1958492 at *16 (2002).

3. Whether appellant is entitled to a new trial because the Commonwealth materially interfered with his ability to present both a guilt-phase and sentencing phase defense through its subjugation of his attorney-client privilege and right to effective assistance of counsel.

4. Whether trial counsel's failure to investigate and present at sentencing readily available evidence of appellant's profound brain damage, delirium, schizoaffective disorder, alcohol and drug abuse, head injuries, behavioral changes and emotional trauma at the time of the offenses violated appellant's right to the effective assistance of counsel.

5. Whether appellant is entitled to relief from his conviction and sentence because trial counsel was ineffective at the guilt phase for failing to investigate, develop and present diminished capacity based on appellant's brain damage, delirium, dementia, mental illness and drug and alcohol abuse the day of the offenses.

6. Whether trial counsel deprived appellant of his right to the effective assistance of counsel by presenting an insanity defense that had no basis in fact or law.

7. Whether appellant is entitled to a new trial and sentencing because he was constructively denied counsel during both aspects of his capital trial by counsel's presentation of a baseless defense and his abject failure to investigate and present any mitigating evidence upon which the jury could predicate a life sentence.

8. Whether the Commonwealth's discriminatory exercise of peremptory challenges to exclude African–Americans from the jury in this case on the basis of race violated appellant's rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 9 and 26 of the Pennsylvania Constitution.

9. Whether appellant's death sentence violates the Pennsylvania capital sentencing statute, the Pennsylvania Constitution, the Sixth, Eighth and Fourteenth Amendments, International law, and United States treaty obligations because it was the impermissible product of racial discrimination.

10. Whether appellant's death sentence must be vacated because the sentencing jury was never instructed that, if sentenced to life, he would be statutorily ineligible for parole.

11. Whether counsel was ineffective for failing to object to numerous instances of prosecutorial misconduct at trial that denied appellant due process, and for failing to litigate these issues at all stages of his appellate and post-conviction proceedings.

12. Whether the trial court improperly instructed the jury on reasonable doubt at both the guilt and penalty phases of trial.

13. Whether the trial court failed to properly instruct the jury on the nature and use of aggravating and mitigating factors, in violation of the Eighth and Fourteenth Amendments.

14. Whether trial counsel rendered ineffective assistance of counsel by failing to adequately advise and discuss with appellant his right to choose between a bench trial or a jury trial.

15. Whether the trial court violated appellant's right to due process by failing to conduct a colloquy concerning his right to choose a jury trial and by ultimately subjugating that right.

16. Whether trial counsel's failure to adequately advise appellant on the Commonwealth's plea offer and his failure to recognize appellant's compromised mental state due to over-medication denied him his right to the effective assistance of counsel.

Initial Brief of Appellant, 2–3 (Statement of Questions Presented).[3]

---

**3.** Appellant also lists, as a potential 17th issue, the following: "Whether prior counsel were ineffective for failing to raise and litigate the issues presented in [appellant's] Second Amended PCRA petition." Initial Brief of Appellant, 3. Because appellant fails to pursue the seventeenth claim in the body of his brief, it is waived. *See, e.g., Commonwealth v. LaCava*, 542 Pa. 160, 666 A.2d 221, 229 n. 9 (1995) (issue included in appellant's "Statement of Questions Involved" was waived by failure to address issue in brief itself); *Commonwealth v. Jackson*, 494 Pa. 457,

In addition to the issues specifically argued in his brief, appellant attempts to expand issue number 9 by "incorporat[ing] by reference" the non-record Second Amended PCRA Petition. Initial Brief of Appellant, 63. We cannot consider the Second Amended PCRA Petition for several reasons. First, this document is not of record and, indeed, was not part of the litigation below. Second, this appeal involves the PCRA court's denial of appellant's counseled, first amended PCRA petition. As the Commonwealth notes, appellant "does not . . . have the right to amend his PCRA petition after the lower court has already denied it." Brief for Appellee, 41–42 & n. 26. A serial or subsequent PCRA petition may not be entertained while such an appeal is pending. *See Lark*, 746 A.2d at 588 ("[W]hen an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review."). Third and finally, this Court has repeatedly held that all claims for appellate relief must be set out in the brief itself and may not merely be incorporated by reference. *See Bond*, 819 A.2d at 52, 2002 WL 1958492, at *15; *Commonwealth v. Edmiston*, 535 Pa. 210, 634 A.2d 1078, 1092 n. 3 (1993).

To be eligible for relief under the PCRA, an appellant must prove by a preponderance of the evidence that the conviction or sentence he is collaterally attacking resulted from one of seven specifically enumerated circumstances. 42 Pa.C.S. § 9543(a)(2) (as amended effective January 17, 1996).[4] In

431 A.2d 944, 945 n. 1 (1981) (same). In any event, since the issues presented in the "Second Amended PCRA Petition" largely mirror the issues argued in appellant's brief, the seventeenth claim is redundant.

4. Those circumstances are as follows:

(i) A violation of the Constitution of Pennsylvania or laws of this Commonwealth or the Constitution of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

addition, an appellant must prove that the issues he raises have not been previously litigated or waived. *Id.* § 9543(a)(3).

■■■ Some preliminary comment on the confusing structure of appellant's brief is necessary to understand his framing of the claims. Appellant's first issue includes a broad allegation that his prior, appointed PCRA counsel was ineffective for failing to raise all of the succeeding fifteen issues. Thus, according to appellant, none of those fifteen issues was raised and preserved in the PCRA proceeding that is the subject of this appeal; instead, all of these claims are being raised for the first time in his brief on appeal.[5] Appellant's first issue necessarily recognizes that all of these new issues are waived except to the extent that they may be viewed through the guise of his overarching, initial claim that prior PCRA counsel was ineffective.[6]

■ Despite the fact that issues 2 through 16 are reviewable only to the extent that they sound in PCRA counsel's alleged ineffectiveness, appellant does not individually argue the claims under that rubric. Instead, as the Commonwealth

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused an individual to plead guilty and the petitioner is innocent.
(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.
(v) Deleted.
(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.
(vii) The imposition of a sentence greater than the lawful maximum.
(viii) A proceeding in a tribunal without jurisdiction.
42 Pa.C.S. § 9543(a)(i)-(viii).

5. As noted above, although the Second Amended PCRA Petition included in appellant's Index is captioned as if it were filed, or to be filed, in the Court of Common Pleas, it is dated contemporaneously with his brief and was never before Judge Jones.

6. Appellant does not argue that his waived claims are reviewable under this Court's direct capital appeal relaxed waiver doctrine. Such an argument would be unavailing since relaxed waiver does not apply to capital PCRA appeals. *See Commonwealth v. Kemp,* 562 Pa. 154, 753 A.2d 1278, 1285 (2000); *Commonwealth v. Albrecht,* 554 Pa. 31, 720 A.2d 693, 700 (1998).

accurately notes, appellant presents his "numerous claims and sub-claims as if [he were] on direct appeal." Brief for Appellee, 10. The issues are identified and developed in varying levels of detail as claims of trial counsel ineffectiveness (issues 2, 4–7, 11, 14, and 16), trial court error (issues 10, 12, 13, and 15), newly-discovered evidence (issue 9), or misconduct or overreaching by the trial prosecutor (issues 3 and 8). The most that is ever said about previous PCRA counsel's stewardship in these arguments is an occasional bald assertion that PCRA counsel was ineffective, *see, e.g.*, Initial Brief of Appellant, 27, 43, 81, 92, or, more commonly, a non-specific assertion that "all prior counsel were ineffective" for failing to raise the waived issue developed in that particular argument. *Id.* at 21, 24, 50, 53, 56, 62, 75 (alternative theory), 94. Occasionally (*see* issues 11 and 14 through 16), appellant's individual arguments make no mention of PCRA counsel at all.[7]

We have recognized that claims of ineffective assistance of counsel are often derivative of claims of trial error or counsel ineffectiveness which have been waived; *i.e.*, previous counsel is alleged to have been ineffective for failing to raise and pursue claims which are perceived by subsequent counsel. *Commonwealth v. Williams*, 566 Pa. 553, 782 A.2d 517, 525 n. 5 (2001). *See also Commonwealth v. Abdul–Salaam*, 808 A.2d 558, 562–63 (2001) (Castille, J., concurring). Moreover, although this Court obviously cannot dilute the substantive standard governing claims of counsel ineffectiveness, particularly when the Sixth Amendment right to counsel is at issue, *Williams*, 782 A.2d at 525 n. 5 ("we make no suggestion here that there should be a relaxation of the substantive Sixth Amendment standard"), we indicated in *Williams* that we would continue to afford some latitude in construing the

7. The mere boilerplate allegations that PCRA counsel, or all prior counsel, were ineffective, which is found in some of appellant's arguments do not prove an entitlement to relief. *See Commonwealth v. Bracey*, 568 Pa. 264, 795 A.2d 935, 940 n. 4 (2001) ("Such an undeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy Appellant's burden of establishing that he is entitled to any relief"); *Commonwealth v. Abdul–Salaam*, 808 A.2d 558, 560 (Pa.2001) (same).

*pleadings* in capital PCRA appeals. 782 A.2d at 525. In keeping with *Williams'* procedural latitude, we will assume that appellant intends the first argument in his brief, which actually discusses PCRA counsel's alleged ineffectiveness, albeit in a non-claim-specific fashion, to apply to all of his succeeding arguments, notwithstanding that none of those issues are framed as claims of PCRA counsel ineffectiveness, and notwithstanding that appellant does not address PCRA counsel's performance in the body of those claims except occasionally and then only in boilerplate fashion. In short, because this is a capital case, we will not hold that appellant has waived the version of claims 2 through 16 sounding in previous PCRA counsel's ineffectiveness merely because of his confused manner of briefing and argument.[8]

Some additional comment on the underlying questions briefed in issues 2–16 will make clear exactly why those versions of the claims are, as appellant implicitly concedes, waived. An issue is waived under the PCRA "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).[9] *See Commonwealth v. Ragan*, 560 Pa. 106, 743 A.2d 390, 395 (1999). The Commonwealth contends that the versions of appellant's claims sounding in trial court error, prosecutorial misconduct, and trial counsel ineffectiveness all were available to him on direct appeal, where he was represented by counsel other than trial counsel. Since these claims could have been raised on that appeal, but were not, the Commonwealth argues, they are waived under the PCRA.

**8.** The question of affording latitude in appellate pleadings in capital cases involves application of this Court's appellate rules and principles of appellate jurisprudence and not any provision of the PCRA. *See Williams*, 782 A.2d at 534 (Castille, J., concurring) (noting distinction between waiver under PCRA and waiver as question of appellate jurisprudence).

**9.** By order dated August 11, 1997, this Court suspended § 9544(b) insofar as it references "unitary review." That suspension is not pertinent here.

The Commonwealth is correct. *See Bond,* 819 A.2d at 39, 2002 WL 1958492, at *3–4 (claims that could have been raised on direct appeal but were not are waived under PCRA); *Bracey,* 795 A.2d at 940 (same); *Abdul–Salaam,* 808 A.2d at 560; *Commonwealth v. (Michael) Pierce,* 567 Pa.186, 786 A.2d 203, 212 (2001) (same). The claims actually developed in issues 2 through 16—with the exception of appellant's ninth issue alleging newly-discovered evidence—were available to appellant on direct appeal, where he was represented by new counsel. Indeed, because appellant was represented by new counsel on that appeal, he was obliged under our precedent to raise claims of previous counsel ineffectiveness at that time.[10] Since appellant failed to raise the claims, they are waived under § 9544(b). All of the issues, including issue 9, are waived for the additional and independent reason that they were not raised in the PCRA proceeding below. *See* Pa. R.A.P. 302(a) (Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.); *Bond,* 819 A.2d at 39, 2002 WL 1958492, at *3; *Commonwealth v. Basemore,* 560 Pa. 258, 744 A.2d 717, 725 (2000); *Commonwealth v. Albrecht,* 554 Pa. 31, 720 A.2d 693, 704, 706 (1998).

Some further comment is required to properly analyze issues 9 and 11. In issue 9, appellant develops a claim that his death sentence was the product of racial discrimination. The basis for the claim is a 1998 law review study of the imposition of the death penalty in Philadelphia written by Professors David Baldus and George Woodworth of the University of Iowa (the "Baldus–Woodworth study"). Appellant characterizes the Baldus–Woodworth study as "newly discovered evidence" which "was not available to prior counsel." Initial Brief of Appellant, 63 & n. 38, 75 & n. 54. Since appellant argues that the basis for this claim was unavailable to previous

**10.** *See Commonwealth v. Kenney,* 557 Pa. 195, 732 A.2d 1161, 1164 (1999); *Commonwealth v. Green,* 551 Pa. 88, 709 A.2d 382, 384 (1998); *Commonwealth v. Griffin,* 537 Pa. 447, 644 A.2d 1167, 1170 (1994); *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687, 695 n. 6 (1977). In point of fact, appellant did raise numerous claims of trial counsel ineffectiveness on direct appeal.

counsel, his assertion in his summary of argument and in his first issue that PCRA counsel was ineffective for failing to present the unavailable claim obviously is frivolous.

The more pertinent questions are whether Issue 9 is reviewable and has merit as a stand-alone claim for relief under the PCRA, not sounding in previous PCRA counsel's alleged ineffectiveness. However, as noted above, this version of the claim was not presented in the original or amended PCRA petitions below and, thus, it is unavailable to appellant on this appeal. Pa.R.A.P. 302(a); *Bond, supra; Basemore, supra; Albrecht, supra.* The "new" claim may therefore be pursued only via a second PCRA petition, which may not be filed until this Court completes its review of the pending PCRA matter, and which will be subject to the serial petition provisions of the PCRA. *Lark,* 746 A.2d at 587–88.[11]

In issue 11, appellant develops a claim that trial counsel was ineffective for failing to object to several instances of prosecutorial misconduct. In addition to being waived, two of these sub-claims are also previously litigated. First, appellant alleges that trial counsel was ineffective for failing to object when the prosecutor, during her penalty phase summation, asked the jury to consider the reaction of others to their verdict if they returned a life sentence. Trial counsel did, in fact, promptly object to these comments. *See* N.T. 8/18/92 at 38. The trial court sustained that objection and instructed the jury that its sentence should be based solely upon the evidence presented and should not be influenced by what others might say or think. The issue was raised on direct appeal as a preserved claim of prosecutorial misconduct. This Court con-

11. We note that the *Lark* opinion cited above involved the subsequent appeal filed from the denial of the serial PCRA petition and, thus, the Court proceeded to address the Baldus–Woodworth study claim, which Lark had argued was a proper subject of a serial petition under the after-discovered evidence exception to the PCRA time-bar. *See* 42 Pa.C.S. § 9545(b)(1)(ii). The Court rejected that argument, holding that the claim involving the Baldus–Woodworth study was untimely under the PCRA since "the statistics which comprise the study were of public record and cannot be said to have been 'unknown' to Appellant" and, thus, the information "does not fall within the purview of 42 Pa.C.S. § 9545(b)(1)(ii)." 746 A.2d at 588 n. 4.

cluded that, although improper, any prejudice which may have resulted from the prosecutor's remarks was cured by the trial court's contemporaneous instructions and its final charge to the jury. Accordingly, we denied relief. *See Jones,* 683 A.2d at 1201. Second, appellant alleged on direct appeal, as he does now, that trial counsel was ineffective for failing to object to the prosecutor's penalty phase suggestion that, if the victims' friends and families had been permitted to testify, they would have requested that the jury sentence appellant to death. In rejecting this claim, this Court held that the prosecutor's "isolated reference" fell "within permissible bounds," and thus trial counsel was not ineffective. *See id.* at 1203–04. Because the substance of these two sub-claims was decided on appellant's direct appeal to this Court, these particular claims are previously litigated, *see* 42 Pa.C.S. § 9544(a)(2) (claim is previously litigated if "highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue"), and cannot be revived by appellant's renewing them under the guise of an allegation of subsequent counsel ineffectiveness. *E.g. Bond,* 819 A.2d at 39, 2002 WL 1958492, at *3; *Bracey,* 795 A.2d at 939 n. 2.

Before turning to a consideration of appellant's claims under the rubric of previous PCRA counsel's ineffectiveness, we note some important considerations relevant to the cognizability of such claims raised for the first time on PCRA appeal. Permitting new claims to be raised upon appeal, of course, is contrary to our general appellate practice. Pa.R.A.P. 302(a); *Bond, supra; Basemore, supra; Albrecht, supra.* However, a recognized exception exists in criminal cases where new counsel represents the defendant on appeal. In those instances, this Court's precedent permits appellate courts to entertain claims that counsel in the trial court was ineffective, notwithstanding that the claims, of necessity, were not raised below. *See, e.g., Commonwealth v. Pursell,* 555 Pa. 233, 724 A.2d 293, 302 (1999) (*Pursell I* ) ("Because this is the first opportunity that Appellant has to challenge the stewardship of PCRA counsel, an appellate court may review these

claims of ineffective assistance of [PCRA] counsel"). This exception to the general rule of issue preservation is a necessary consequence of this Court's requirement that "claims of ineffectiveness must be raised at the earliest possible stage in the proceedings at which counsel whose effectiveness is questioned no longer represents the defendant." *Commonwealth v. Green*, 551 Pa. 88, 709 A.2d 382, 384 (1998); *see also Commonwealth v. Kenney*, 557 Pa. 195, 732 A.2d 1161, 1164 (1999); *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687, 695 n. 6 (1977). Obviously, if new counsel is *required* to raise claims of predecessor counsel ineffectiveness upon appeal, upon pain of judicial waiver, the appellate court must be prepared to entertain those claims. Thus, as a matter of this Court's appellate jurisprudence, "a properly layered claim challenging PCRA counsel's ineffectiveness would not be waived, and can be reviewed on appeal from the denial of the PCRA petition." *Pursell I*, 724 A.2d at 303 & n. 7 (characterizing *Albrecht, supra* ).

■ The practice of entertaining new claims of PCRA counsel ineffectiveness upon PCRA direct appeal arose long before the 1995 amendments to the PCRA. The PCRA petition in this case was filed after the 1995 PCRA amendments became effective in January, 1996, however, and "[t]hose amendments therefore govern this petition." *Commonwealth v. Pursell*, 561 Pa. 214, 749 A.2d 911, 914 (2000) (*Pursell II* ). There is some obvious tension between the PCRA amendments and our judicial rule requiring certain claims of PCRA counsel ineffectiveness to be raised for the first time on appeal. Specifically, the amended PCRA enacted, for the first time, a strict filing time limitation, *see* 42 Pa.C.S. § 9545(b) (PCRA petitions, including second or subsequent petitions, must be filed within one year of final judgment), and limits those claims that can be pursued after that deadline expires. *Id.* (setting forth three narrow exceptions to time bar, but petition invoking exception itself must be filed within sixty days of date claim could have been presented). This Court has upheld these provisions against multiple attacks based on constitutional and other grounds. *Common-*

*wealth v. Williams,* 566 Pa. 553, 782 A.2d 517 (2001); *Commonwealth v. Gamboa–Taylor,* 562 Pa. 70, 753 A.2d 780 (2000); *Commonwealth v. Fahy,* 558 Pa. 313, 737 A.2d 214 (1999); *Commonwealth v. Banks,* 556 Pa. 1, 726 A.2d 374 (1999); *Commonwealth v. Peterkin,* 554 Pa. 547, 722 A.2d 638 (1998). Furthermore, this Court has noted that the question of the timeliness of a petition under the amended PCRA "implicates the jurisdiction of this court to entertain the issue" and, thus, the question may be raised by the Court *sua sponte. Commonwealth v. Beasley,* 559 Pa. 604, 741 A.2d 1258, 1261 (1991). Finally, in the non-*Hubbard* context, this Court has declined to entertain new claims that would act to subvert the PCRA's new time and serial petition restrictions:

> Permitting a PCRA petitioner to append new claims to the appeal already on review would wrongly subvert the time limitations and serial petition restrictions of the PCRA.

*Bond,* 819 A.2d at 52, 2002 WL 1958492, at *16 (citing *Lark,* 746 A.2d at 587–88).

The claims of PCRA counsel ineffectiveness here, which are properly subject to review as a matter of judicial issue preservation under the *Hubbard* doctrine, were, with but two exceptions,[12] not raised in the original or amended PCRA petition that is the subject of this appeal. Nor are the new claims elaborations, extensions, or derivations of those raised in the petitions below. Instead, appellant's new and distinct claims were first raised in an appellate brief filed on November 8, 1999, well over a year after appellant's conviction became final in 1996. As a PCRA matter, then, these issues, not having been raised in the initial and amended petitions below, should properly be the subject of a second PCRA petition, which would be subject to the time limitation and serial petition restrictions contained in § 9545(b) of the PCRA. By reaching the merits of brand new claims never presented in the PCRA petition that was actually filed and is at issue in this appeal,

12. As we discuss below, notwithstanding appellant's claim that PCRA counsel was ineffective for failing to raise all issues on this appeal, in point of fact two of appellant's claims (issues 2 and 8) were raised in the amended petition.

this Court arguably employs the *Hubbard* doctrine in an unintended and improper fashion—*i.e.,* to provide an end-around the General Assembly's unequivocal and jurisdictional restrictions upon serial post-conviction petitions. *See United States v. Duffus,* 174 F.3d 333, 336–38 (3d Cir.1999) (district court did not err in denying leave to amend federal habeas petition to add new claim or theory after one-year federal statute of limitations governing habeas petitions had expired; permitting such amendment would be contrary to very policy of limitations period). *See also Pursell II,* 749 A.2d at 915–16 ("[W]hile layered claims of counsel's ineffectiveness may avoid the waiver restrictions in the PCRA, we have repeatedly held that claims of ineffective assistance of counsel do *not* automatically qualify pursuant to the exceptions to the one-year time limitation provided in 42 Pa.C.S. § 9545(b)(1)(i)-(iii).") (collecting cases).

In the past, of course, this Court has had to consider the continuing viability of judicial rules that find themselves in separation of powers tension with the governing terms of the PCRA. *Albrecht,* 720 A.2d at 700 (holding that relaxed waiver is no longer viable on PCRA appeals because, *inter alia,* "application of the doctrine of relaxed waiver in a PCRA proceeding runs afoul of the very terms of the [PCRA], which excludes waived claims from the class of cognizable PCRA claims"). Having noted the tension, however, we will not hold that the new claims of PCRA counsel ineffectiveness are unreviewable on this appeal and must be pursued in a second PCRA filing in the court below. The Commonwealth has not forwarded an argument that the claims should be deemed time-barred and, although the issue may prove to have jurisdictional consequences, that point is not yet settled and there may be more to be said on the question, on both sides. Because, as we demonstrate below, it is apparent that appellant's new claims of PCRA counsel ineffectiveness must fail on the merits, and that alone is enough to decide this appeal, we note this pending issue without deciding it.

Turning to the merits of appellant's claims of PCRA counsel ineffectiveness for failing to raise issues 2 through 16, appel-

lant baldly avers that prior PCRA counsel conducted no investigation of his case and neglected even to acquire the trial transcripts or trial counsel's file. As a consequence of this alleged lack of investigation and preparation, appellant argues, PCRA counsel filed only a five-page amended petition, which was deficient because it did not raise the numerous record and non-record based claims that present counsel has identified in this appeal. *See* Initial Brief of Appellant at 7–11.

We begin with a discussion of the basis and contours of the right to counsel at issue. There is no federal constitutional right to counsel upon state collateral review. Rather, this right to counsel derives from Pennsylvania Rule of Criminal Procedure 904, which we have held confers an enforceable right to the effective assistance of PCRA counsel. *Gamboa–Taylor,* 753 A.2d at 787; *Albrecht,* 720 A.2d at 699–700.[13] Appellant suggests that the test for PCRA counsel ineffectiveness should be the same as the constitutional test applicable in previous stages of the criminal justice system, accurately noting in addition that the test for counsel ineffectiveness at those stages is the same under the Federal Constitution, *see Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), as it is under the Pennsylvania Constitution. *See Commonwealth v. Bond,* 819 A.2d at 41–42, 2002 WL 1958492, at *5; *Commonwealth v. (Charles) Pierce,* 515 Pa.153, 527 A.2d 973 (1987).[14] The constitutional ineffectiveness standard requires appellant to demonstrate that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some

13. In light of the Rules-based conferral of a right to PCRA counsel, this Court has not decided whether there is a state constitutional right to counsel upon PCRA review. *Albrecht,* 720 A.2d at 699 & n. 6; *Commonwealth v. Priovolos,* 552 Pa. 364, 715 A.2d 420, 421–22 (1998).

14. In *Pierce,* this Court recognized that the *Strickland* "performance and prejudice" test was the proper test to evaluate ineffectiveness claims raised under the Pennsylvania Constitution. This Court has come to characterize the test as a tripartite one, by dividing the performance element into two distinct parts, *i.e.,* arguable merit and lack of reasonable basis. The Third Circuit has recognized that Pennsylvania's standard for assessing claims of counsel ineffectiveness is materially identical to *Strickland. Werts v. Vaughn,* 228 F.3d 178, 203–04 (3d Cir.2000).

reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. (Michael) Pierce,* 567 Pa. 186, 786 A.2d 203, 213 (2001); *Commonwealth v. Kimball,* 555 Pa. 299, 724 A.2d 326, 333 (1999). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *(Michael) Pierce,* 786 A.2d at 221–22. *See also Williams,* 782 A.2d at 525 ("PCRA counsel must, in pleadings and briefs, undertake to develop, to the extent possible, the nature of the claim asserted with respect to each individual facet of a layered ineffectiveness claim, including that which relates to appellate counsel."); *Albrecht,* 720 A.2d at 701 ("If it is clear that Appellant has not demonstrated that counsel's act or omission adversely affected the outcome of the proceedings, the claim may be dismissed on that basis alone and the court need not first determine whether the first and second prongs have been met.").

Contrary to appellant's broad assertion, it appears that prior PCRA counsel did review the trial transcript; indeed, the amended PCRA petition contains no less than thirteen citations to the trial record. *See* Amended PCRA Petition at 4–5. In addition, two of the issues appellant faults PCRA counsel for allegedly failing to pursue below—whether trial counsel rendered ineffective assistance when he disclosed to the Commonwealth the report of a forensic psychiatrist retained by the defense to assess a possible insanity defense (issue 2), and whether the Commonwealth exercised its peremptory challenges in a discriminatory fashion to exclude African–Americans from the jury on the basis of race (issue 8)—were, in fact, raised in the amended PCRA petition. Moreover, PCRA counsel recognized that both of these claims were available to appellant on direct appeal and, thus, counsel also alleged in each instance that direct appeal counsel was ineffective for failing to pursue the claims. *See id.* at 3–5. Clearly, then, appellant cannot believe that the claims counsel actually pursued in the PCRA court were wholly without merit since he has reasserted two of them on this appeal.

In addition to being an inaccurate characterization of PCRA counsel's actual performance, appellant's claim of PCRA counsel ineffectiveness is fatally undeveloped. Appellant's arguments on issues 2 through 16, liberally construed since this is a capital case, could be interpreted as attempting to set forth the "arguable merit" of a series of otherwise largely waived claims. Even if we assume that the arguments successfully demonstrate the arguable merit in the claims, however, that alone does not prove PCRA counsel ineffective, nor does it prove prejudice. On these equally essential substantive elements of the test for ineffective assistance of counsel, appellant is largely silent. Appellant forwards no relevant argument as to why PCRA counsel's failure to perceive and pursue any particular claim must be deemed ineffective. Instead, appellant declares in summary fashion that, simply because he believes the claims have merit, PCRA counsel must have been ineffective for failing to pursue them. This *per se* approach to ineffectiveness fails to establish either that counsel acted in an objectively unreasonable fashion or that prejudice ensued. *(Michael) Pierce,* 786 A.2d at 221–22; *Commonwealth v. Hawkins,* 567 Pa. 310, 787 A.2d 292, 310 (2001) (Castille, J., concurring). Indeed, it is well-settled that mere boilerplate allegations are inadequate to meet the affirmative burden to rebut the presumption that lawyers are competent and effective. *(Michael) Pierce,* 786 A.2d at 221–22; *Commonwealth v. Pettus,* 492 Pa. 558, 424 A.2d 1332, 1335 (1981). As this Court recently reaffirmed in *Bond:* "To the extent that appellant appends boilerplate allegations of ineffectiveness of PCRA counsel ..., for failing to raise these claims below, those distinct claims of PCRA counsel ineffectiveness fail because they are undeveloped." *Bond,* 819 A.2d at 40, 2002 WL 1958492, at *4 (citing *Bracey, supra* ).

Appellant's *per se* approach to PCRA counsel's performance fails to account for the circumstances actually facing PCRA counsel. It is important to emphasize in this regard that this is a case where appellant had new counsel on direct appeal. Accordingly, with the exception of appellant's newly-discovered evidence claim (issue 9), all of the claims appellant faults

PCRA counsel for failing to raise below could also have been raised on direct appeal. Therefore, those underlying claims were waived under the PCRA, 42 Pa.C.S. § 9544(b), and PCRA counsel could raise them only through the guise of appellate counsel's ineffectiveness for failing to litigate the claims. *See Pursell I*, 724 A.2d at 302 n. 6 (in cases where new counsel enters post-trial, "[i]f PCRA counsel does not raise in the PCRA petition prior appellate counsel's ineffectiveness, then that claim of prior appellate counsel's ineffectiveness is waived").

 Appellant's direct appeal counsel, Mitchell Scott Strutin, Esq., is an experienced appellate advocate who raised a total of twenty-two claims for relief on appeal, including numerous claims of trial counsel ineffectiveness. To prove Attorney Strutin ineffective under the Sixth Amendment, PCRA counsel would have had to prove not only the underlying merit of each waived claim—which is all that appellant even arguably attempts to do here—but satisfy the entire *Strickland* standard. *Smith v. Robbins*, 528 U.S. 259, 289, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000) (petitioner "must satisfy both prongs of the *Strickland* test in order to prevail on his claim of ineffective assistance of appellate counsel"); *Smith v. Murray*, 477 U.S. 527, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986). Moreover, as the Commonwealth aptly notes, Brief of Appellee, 14, 17, even identifying an issue of "arguable" merit does not prove that appellate counsel acted unreasonably, or that prejudice ensued. This is so because, as the U.S. Supreme Court has recognized, appellate counsel is not constitutionally obliged to raise every conceivable claim for relief. Counsel may forego even arguably meritorious issues in favor of claims which, in the exercise of counsel's objectively reasonable professional judgment, offered a greater prospect of securing relief. *Jones v. Barnes*, 463 U.S. 745, 750–54, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *see also Robbins*, 528 U.S. at 288, 120 S.Ct. 746 ("[A]ppellate counsel ... need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal."). "Generally, only when ignored issues are clearly

stronger than those presented will the presumption of effective assistance of counsel be overcome." *Gray v. Greer,* 800 F.2d 644, 646 (7th Cir.1986) (quoted with approval in *Robbins,* 528 U.S. at 259, 120 S.Ct. 746).

Appellant here has made no argument whatsoever that the claims he has identified in hindsight in this appeal are clearly stronger than the twenty-two issues, including numerous claims of trial counsel ineffectiveness, that were advanced by Attorney Strutin on direct appeal. He has not begun to demonstrate how it was that previous PCRA counsel could have proven an entitlement to relief on any of these claims which, of necessity, had to sound in appellate counsel's ineffectiveness. Because appellant has not shown how previous PCRA counsel acted deficiently in light of the circumstances confronting him, appellant has not proven PCRA counsel ineffective.

Nor has appellant addressed in any meaningful way how the outcome of his PCRA proceeding would have differed had these claims been advanced in the bald, *per se* fashion in which he now advances them. *(Michael) Pierce,* 786 A.2d at 221–22 ("Absent a demonstration of prejudice, Appellant cannot prevail on a claim of ineffective assistance of counsel and no further inquiry into the claim is warranted."). The U.S. Supreme Court has held that prejudice may be presumed in the context of an ineffectiveness claim only where there was an actual denial of counsel, state interference with counsel's assistance, or an actual conflict of interest burdening counsel. *See Robbins,* 528 U.S. at 287, 120 S.Ct. 746. Appellant's claim of PCRA counsel ineffectiveness does not involve such a situation. Appellant's failure to prove prejudice thus independently dooms his ineffectiveness claims.

Since Madame Justice Newman's Concurring Opinion addresses an issue that has sharply divided the Court in the recent past, *see, e.g., Commonwealth v. Moore,* 569 Pa. 508, 805 A.2d 1212 (2002) (Opinion Announcing Judgment of Court), a response is warranted. The concurrence expresses disagreement with the "position" of this author that direct appeal counsel—whose performance had to be the necessary

focus of the PCRA petition here—is not constitutionally obliged to raise every potentially meritorious claim for relief, but rather, that appellate counsel's performance is governed by the two-part *Strickland* standard.[15] The concurrence asserts that "an appellate lawyer must be expected to pursue every avenue for his or her client," and, if appellate counsel fails to advance an issue that, if raised, would have entitled his or her client to relief, "there can be no justification for the failure of appellate counsel to pursue the claim that would ever qualify as a reasonable professional judgment." Concurring op. at 619. In forwarding what amounts to a *per se* test for assessing the performance of appellate counsel based upon a court's hindsight view of the underlying issue, the concurrence opines that mere boilerplate "layered" assertions respecting an appellate lawyer, rather than an analysis of his or her actual performance, satisfy the Sixth Amendment. The concurrence suggests that its *per se* approach to appellate counsel's stewardship "places fairness above formalism." *Id.* at 619.

Respectfully, the concurrence's dispute over the appropriate substantive standard for assessing Sixth Amendment claims of appellate counsel ineffectiveness is with the U.S. Supreme Court and not with this opinion, which applies the settled federal authority. The High Court has explicitly recognized that appellate counsel is **not** constitutionally obliged to raise any and all nonfrivolous claims; to the contrary, the Court has, on repeated occasions, emphasized that vigorous, effective appellate advocacy requires the exercise of reasonable selectivity in deciding upon which claims to pursue. *Robbins*, 528 U.S. at 288, 120 S.Ct. 746; *Barnes*, 463 U.S. at 750–54, 103 S.Ct. 3308. This process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of

**15.** Justice Newman apparently has rethought her position in this regard, since she has previously joined in opinions by this author setting forth the substantive Sixth Amendment standard for assessing claims of appellate counsel ineffectiveness. *See, e.g., Commonwealth v. Moore, supra* (Castille, J., joined by Newman and Eakin, JJ., concurring and dissenting).

effective appellate advocacy. *Smith,* 477 U.S. at 536, 106 S.Ct. 2661 (quoting *Barnes,* 463 U.S. at 751–52, 103 S.Ct. 3308). *See also Buehl v. Vaughn,* 166 F.3d 163, 174 (3d Cir.1999) ("One element of effective appellate strategy is the exercise of reasonable selectivity in deciding which arguments to raise."). *Barnes* emphasized that "[t]here can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review." 463 U.S. at 752, 103 S.Ct. 3308. Over twenty-five years ago, this Court likewise recognized, in a unanimous opinion, that appellate advocates are not obliged to raise any and all possible claims: "If, in view of the reasonable alternatives, the appellate advocate **had any rational basis** for restricting the appeal to the one or two issues chosen, then he has performed as an effective counsel and it matters not that he rejected other issues whether gathered from his own research or advanced by the client." *Commonwealth v. Laboy,* 460 Pa. 466, 333 A.2d 868, 870 (1975) (emphasis supplied).

Even if this Court were free to pursue a different Sixth Amendment standard, I would not adopt the concurrence's hindsight-based, *per se* approach to claims of appellate counsel ineffectiveness. The distinct and essential constitutional value implicated in such claims is the right to competent counsel, and not whatever underlying value (constitutional or otherwise) was compromised by counsel's allegedly incompetent performance. *See Strickland,* 466 U.S. at 687, 104 S.Ct. 2052 (defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and that defendant was prejudiced by the deficient performance). Since it is this distinct constitutional value which is at issue, the inquiry **must** focus upon the counsel whose performance is at issue under the PCRA; the underlying claim, though a central step in the analysis, does not supplant the constitutional test. The underlying claim is, thus, relevant only to the extent that it speaks to the question of **counsel's competence.** *See Kimmelman v. Morrison,* 477 U.S. 365, 382, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986) (*Strickland* standard "differs

significantly from the elements of proof applicable to" Fourth Amendment claim; thus, while meritorious Fourth Amendment issue is essential to Sixth Amendment claim of ineffectiveness arising from failure to pursue Fourth Amendment issue, meritorious Fourth Amendment claim alone does not prove ineffectiveness; *Strickland* "gross incompetence" test must be met to prevail on Sixth Amendment claim); *Commonwealth v. Green*, 551 Pa. 88, 709 A.2d 382, 383 n. 4 (1998) (analysis of abandoned claim "is undertaken solely for the purpose of resolving questions of ineffective representation") (quoting *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687, 696 (1977)); *Senk v. Zimmerman*, 886 F.2d 611, 614 (3d Cir.1989), *cert. denied*, 493 U.S. 1035, 110 S.Ct. 756, 107 L.Ed.2d 772 (1990) (ineffectiveness claims are concerned with defense attorney's performance; underlying issue is only "indirectly implicate[d]"). This Court recognized the essentiality of focusing primarily upon the challenged attorney, and not the claim, as long ago as our seminal decision in *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349, 352 (1967) (ineffectiveness review involves "an examination of counsel's stewardship **of the now challenged proceedings** in light of the available alternatives") (emphasis added).

The "challenged proceeding" that was the necessary subject of the PCRA petition filed by initial PCRA counsel was the direct appeal. The *per se*, non-Sixth Amendment test proposed by the concurrence would decide the distinct constitutional question of the effectiveness of appellate counsel without accounting for that lawyer's actual performance. Instead, the concurrence would bootstrap from the underlying claim. Because an exclusive focus upon a foregone claim in isolation, as the concurrence suggests, does not account for the constitutional value which is at issue, and which is authorized for collateral attack under the PCRA, we would not adopt it even if we were free to do so.

In addition to diminishing the constitutional value that the PCRA would vindicate, the concurrence's *per se* standard also ignores the bedrock Sixth Amendment requirement that counsel's performance must be viewed, not in

hindsight, but from counsel's perspective at the time. As this Court recently noted in *Bond, supra:*

"A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052.... This is so because it is "all too tempting" for a defendant to second-guess counsel, and "all too easy" for a court to deem a particular act or omission unreasonable merely because counsel's overall strategy did not achieve the result his client desired. *Id. See also Lockhart [v. Fretwell],* 506 U.S. [364,] at 372, 113 S.Ct. 838, 122 L.Ed.2d 180 [ (1993) ] (*Strickland* Court adopted "the rule of contemporary assessment" because it recognized that "from the perspective of hindsight there is a natural tendency to speculate as to whether a different trial strategy might have been more successful")....

819 A.2d at 51, 2002 WL 1958492, at *15. Except for the most obvious of claims—none of which the concurrence suggests are present here—appellate counsel simply **cannot know** with any degree of certainty which of the limitless prospective issues on appeal (and the prospective claims on a capital direct appeal are truly limitless given the relaxed waiver doctrine) may ultimately prove successful. The fact that a foregone claim appears to have merit to a majority of a court upon collateral review years later cannot retroactively **control** the question of the objective reasonableness of previous direct appeal counsel's decision to raise different claims. Rather, a substantive review of the legal landscape and reasonable options confronting appellate counsel at the relevant time is required in order to vindicate the constitutional value implicated. Thus, as the U.S. Supreme Court has repeatedly and wisely emphasized, the adequacy of appellate counsel's performance can be measured only by looking to what appellate counsel actually faced, at the time he had to act, and engaging in a substantive comparison of the course taken with the available course available but not taken.

Finally, we do not agree with the concurrence's suggestion that application of the substantive constitutional standard to claims assailing appellate counsel elevates "formalism" over some vague notion of "fairness" that would allegedly be served by ignoring the constitutional value at issue. Ours is a society of competing values. The General Assembly has determined that, in criminal cases, unlike all other cases, otherwise final judgments are subject to collateral attack, under the PCRA. This second bite at the review apple obviously is afforded because of the important stakes uniquely involved in serious criminal cases, i.e., life and liberty. But the exceptional collateral attack thus authorized is not arbitrary or uncabined: it exists to vindicate specifically delineated, fundamental, and primarily constitutional, values. It is hardly "fair" to the victims of crime, to the cause of justice, to appellate counsel, or to society in general, for a Court to take it upon itself to arbitrarily overlook or "relax" the substantive constitutional standard which is approved for collateral attack by the General Assembly, in order to vindicate some lesser, vague, and debatable notion of fairness—no matter how much easier a lesser standard would make the job of PCRA petitioners and reviewing courts.

One need only look to the pertinent facts in this case to understand that application of the relevant standard is not an elevation of formalism at the expense of the fairness embodied in the PCRA's balancing of the core values of finality and constitutionality. Presumptively effective direct appeal counsel did not simply "mail in" his appellate performance; rather, he raised nearly two dozen claims. The notion that each of the fifteen new substantive claims that appellant identifies on this PCRA appeal are both clearly meritorious and clearly stronger than the ones actually pursued by counsel on direct appeal—bald assumptions which the concurrence is willing to accept as proof that appellate counsel was ineffective—is implausible in the extreme. The notion that any one of the present claims is both clearly meritorious and clearly stronger than the direct appeal claims counsel forwarded is not self-proving: it is a question that requires comparison of the

raised claims and the forgone claims, as well as a consideration of counsel's reasons for acting as he did. For this Court to decide the claim under the **actual** constitutional standard and in light of the actual value at stake—rather than treating the claim as a mere "pleading mechanism" to revive the waived underlying claims—requires us to navigate waters that appellant has elected not even to visit, much less chart, for us. We are not "insist[ing][up]on elaborate arguments from appellants;" we are looking for legally **relevant** ones. We have not elevated "form" over "fairness." Rather, we have ignored appellant's manner of briefing, *see* discussion, *supra*, and looked for relevant argument under the PCRA and the governing law, only to find none. The usual result, in this Commonwealth, of a moving party's failure to develop a claim in a legally relevant fashion is a conclusion that the claim fails. *(Michael) Pierce, supra; Pettus, supra. Accord Commonwealth v. Ragan*, 538 Pa. 2, 645 A.2d 811, 828–29 (1994) (boilerplate allegation is no basis for relief in capital PCRA appeal).

For the foregoing reasons, the order of the PCRA court denying appellant's petition is affirmed. The Prothonotary of the Supreme Court is hereby directed to transmit the complete record in this case to the Governor in accordance with 42 Pa.C.S. § 9711(i).

Justice NIGRO files a concurring opinion.

Justice NEWMAN files a concurring opinion.

Chief Justice ZAPPALA and Justice CAPPY concur in the result.

Justice SAYLOR files a concurring and dissenting opinion.

Justice NIGRO, concurring.

I concur in the result only. I write separately, however, first to note my disagreement with the majority's conclusion that a majority of Appellant's claims are waived as well as the reasoning used by the majority in arriving at that conclusion. Unlike the majority, and consistent with my previous position

on waiver under the PCRA, I would find that those of Appellant's claims that apply the three prongs of the ineffectiveness standard as it relates to trial counsel and contain at least a boilerplate assertion that prior counsel were ineffective for failing to raise the issue of trial counsel's ineffectiveness are not waived for purposes of the PCRA. *See, e.g., Commonwealth v. Bracey,* 568 Pa. 264, 795 A.2d 935, 941–948 (2001)(reviewing numerous claims where appellant's discussion section addresses each prong of the ineffectiveness standard as it relates to trial counsel and at least includes a boilerplate assertion that all prior counsel were ineffective for failing to raise trial counsel's ineffectiveness for failing to raise issue). However, because I also believe that those issues raised by Appellant that are not waived are without merit, I am able to concur in the result reached by the majority.

I also note my disagreement with the majority's commentary on the alleged tension between the PCRA's timeliness requirements and allowing appellants to present claims of PCRA counsel's ineffectiveness on appeal to this Court. In my view, *Commonwealth v. Pursell,* 555 Pa. 233, 724 A.2d 293, 303 n. 7 (1999), in which this Court held that "a properly layered claim challenging PCRA counsel's ineffectiveness would not be waived, and can be reviewed on appeal from the denial of the PCRA petition" continues to control this inquiry. As a plurality of this Court stated in *Commonwealth v. Moore,*

Pursell did not in any way treat the appellant's claims of PCRA counsel's ineffectiveness as new claims that should have been presented in a separate PCRA petition but rather, consistent with this Court's precedent, treated such claims of ineffectiveness as ones being presented at the first available opportunity to do so. Although Justice Castille correctly notes that *Pursell* was not decided under the 1995 amendments, which added the timeliness requirements to the PCRA, we fail to see how these amendments serve to alter *Pursell's* clear holding that this Court may properly review claims of PCRA counsel's ineffectiveness when it is an appellant's first, and quite possibly only, opportunity to do so.

805 A.2d 1212, 1217 n. 3 (Pa.2002) (opinion announcing judgment of the Court).

That said, the complex issue of which claims can properly be reviewed by the Court on an appeal from the denial of a PCRA petition is, as noted by the majority, one that has so blatantly divided the Court in the recent past. In light of the divergent positions on this issue, I made it my usual practice and thought it least divisive to simply concur in the result in PCRA cases when my own independent review of the files resulted in an ability to at least agree with the ultimate outcome of the case. By doing so, I tried to avoid muddying the waters even more by adding to the mix yet another responsive opinion which merely reiterated my own understanding of the approach to be used when deciding which claims should or should not be deemed waived for purposes of the PCRA. However, as time passes and the issue remains unresolved, I felt the better course would be to at least offer the parties some explanation as to where it is that my approach differs from that offered by the lead opinion.

Justice NEWMAN, concurring.

I concur in the result reached by the lead opinion. However, I write separately because I am concerned that, in our attempts to resolve the difficulties posed by appellate review of layered claims of ineffective assistance of counsel in PCRA capital cases, this Court gives too much significance to the need for adequate "layering," i.e., the articulation of the three-part test from *Commonwealth v. (Charles) Pierce,* 515 Pa.153, 527 A.2d 973 (1987), needed at each level of representation by new counsel. While I agree with the lead opinion that each level of representation gives rise to distinct claims of ineffective assistance of counsel, and that appellants should recognize this and frame their petitions and briefs accordingly, nevertheless this Court should not impose too onerous a standard on how appellants must plead these claims in order to obtain substantive review of them.

In this case, the lead opinion states, "[t]o prove [direct appeal counsel] ineffective under the Sixth Amendment,

PCRA counsel would have had to prove not only the underlying merit of each waived claim ... but satisfy the entire [*Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ] standard." Opinion Announcing the Judgment of the Court, Op. pp. 612–13. The lead opinion then states that "appellate counsel is not constitutionally obliged to raise every conceivable claim for relief" and that counsel "may forego even arguably meritorious issues in favor of claims which, in the exercise of counsel's objectively reasonable professional judgment, offered a greater prospect of securing relief." *Id.* at 613. I read this portion of the lead opinion as suggesting, as an example, that even though a waived claim of trial counsel's ineffectiveness would, if not waived, have entitled a defendant to some form of relief, a claim of ineffectiveness of subsequent appellate counsel could fail because appellate counsel may have had a "reason" for foregoing the particular claim of the ineffectiveness of trial counsel on appeal.

I do not subscribe to the position of Mr. Justice Castille on this question. When appellate counsel fails to advance an issue that would, if raised, have entitled his or her client to a new trial, or a new sentencing hearing in a capital case, I simply cannot see how this strategy would ever be reasonable. Although I realize that trial lawyers, in arguing a case to a jury, often forego meritorious objections for a variety of strategic reasons (for example, not wishing to confuse the jury on a technical issue, the possibility of defense theories appearing to conflict, credibility with the jury, etc.), appellate litigation presents entirely different considerations. As an adjunct to the lawyer's responsibility to represent his or her client zealously, an appellate lawyer must be expected to pursue every avenue for his or her client, even where two appellate issues rest on conflicting legal theories, with the understanding that appellate courts are capable of digesting inconsistent claims in the same appeal without suffering from the confusion or incredulity to which juries are occasionally subject. In brief, if the underlying claim of error is of such an important magnitude that it would have entitled a defendant to relief had

it been raised on appeal, there can be no justification for the failure of appellate counsel to pursue the claim that would ever qualify as a reasonable professional judgment.

Consequently, I do not believe that this Court should insist on elaborate arguments from appellants as to each level of post-trial counsel's ineffectiveness in these cases. As long as an appellant has sufficiently layered his or her claim, even in boilerplate fashion, to overcome waiver, this Court should undertake as much as possible to determine the significance of the underlying claim that appellate counsel defaulted (i.e., whether it possesses merit and/or establishes how the appellant was prejudiced), rather than dismiss the claim because the appellant inadequately pled the ineffectiveness of each level of counsel with reference to the *Strickland* test. This is the course that this Court followed in *Commonwealth v. (Michael) Pierce*, 567 Pa. 186, 786 A.2d 203 (2001), and, in my view, represents an approach that places fairness above formalism.

Justice SAYLOR, concurring and dissenting.

I would remand to the PCRA court for a hearing on the claims of ineffective assistance of post-conviction counsel and write to the following points:

First, I favor consistent enforcement of the governing procedural rules, which serve to ensure fairness and reliability in the collateral review process. *See generally Commonwealth v. Williams*, 566 Pa. 553, 568, 782 A.2d 517, 526 (2001). By their operation and effect, the rules facilitate the exposure of potential ineffectiveness in the initial stages by, *inter alia*, requiring the PCRA court to provide both notice of its intention to dismiss and the supporting reasons, *see* Pa.R.Crim.P. 909(B)(2), and, where appropriate, allowing amendment of a petition to correct defects. *See* Pa.R.Crim.P. 905(A) (stating that "[a]mendment shall be freely allowed to achieve substantial justice"); Pa.R.Crim.P. 909(B)(2)(c)(ii) (noting that the PCRA court may permit amendment of a petition following notice of intention to dismiss). Here, for example, the PCRA court's notice of its intention to dismiss the petition was

identical, in all material respects, to that which was at issue in *Williams*, in which the Court remanded for compliance with the rules. While I acknowledge that such omission does not appear to have substantially impacted upon Appellant's claims before this Court (as all but two of the issues were never raised below), I would nevertheless continue to emphasize that noncompliance with the rules detracts from this Court's ability to conduct effective appellate review. *See Williams*, 566 Pa. at 569, 782 A.2d at 527.

Second, I would not summarily dispose of Appellant's claims concerning PCRA counsel's ineffectiveness—where allegations of ineffectiveness of counsel are made on appeal, a remand is appropriate unless the merits of the allegations can fairly be discerned from the record. *See, e.g., Commonwealth v. De-George*, 506 Pa. 445, 485 A.2d 1089 (1984).[1] But here, the Court does not address the merits of the ineffectiveness claims; rather, it merely refuses to consider them based on perceived insufficiency of present counsel's appellate presentation.

In this regard, I share many of the concerns motivating Madame Justice Newman's concurrence. As here, the Court has in recent opinions frequently denied merits review of capital, post-conviction claims because of the manner of their presentation in the appellate briefing. That attorneys in capital cases are recurrently being deemed to have forfeited their clients' ability to obtain a post-conviction assessment of the reliability of their convictions and/or sentences by an appellate court raises fundamental questions concerning the clarity of the rules governing appellate briefing, the manageability of the burden imposed by them, and/or the effectiveness of the bar practicing in the capital, post-conviction area in Pennsylvania. Unless and until such questions are adequately

1. This precept should apply equally in the post-conviction context to vindicate the rule-based right to effective representation on a first petition, *see Commonwealth v. Priovolos*, 552 Pa. 364, 368, 715 A.2d 420, 423 (1998). Notably, enforcement of the corresponding right to appeal in the post-conviction setting has been accomplished in substantially the same manner as on direct appeal. *See, e.g., Commonwealth v. Albrecht*, 554 Pa. 31, 45–46, 720 A.2d 693, 700–01 (1998).

addressed, I believe that the Court should be less exacting in its strict enforcement of waiver principles predicated on deficiencies in appellate briefing.

Since it appears to me that the necessary review of Appellant's claims of ineffective assistance of PCRA counsel involves a more probing assessment, potentially having factual aspects, I would remand to the PCRA court.