J-S56045-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRIAN DOUGLAS, | |
| Appellant | No. 267 MDA 2014 |

Appeal from the Judgment of Sentence December 19, 2013
in the Court of Common Pleas of Dauphin County
Criminal Division at No.: CP-22-CR-0001362-1997

BEFORE:  PANELLA, J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:**FILED OCTOBER 29, 2014**

Appellant, Brian Douglas, appeals from the judgment of sentence entered following the revocation of his probation.  On appeal, Appellant contends that the evidence was insufficient to sustain the revocation of probation and that his sentence was excessive and unreasonable.  We affirm the judgment of sentence.

We take the underlying facts and procedural history in this matter from the trial court's April 9, 2014 opinion.

> On April 1, 1998, Appellant entered a plea of guilty to charges of rape, statutory sexual assault, aggravated indecent assault, and corruption of minors.  Th[e trial c]ourt sentenced Appellant to two and one-half (2 1/2) years to ten (10) years in a state correctional institution on Count 1, forcible rape, and to

_____

[*] Retired Senior Judge assigned to the Superior Court.

five (5) years special probation to be supervised by state parole on Counts 2, 3, 4, and 5, to run concurrent with each other but consecutive to Count 1. Appellant's five-year probation became effective on January 23, 2009, with a completion date of January 23, 2014. Appellant was to attend and complete sex offender treatment program as a condition of the special probation. On November 20, 2013, Appellant was unsuccessfully discharged from his sex offender treatment program. Appellant was charged with violating the conditions of his special probation, specifically Condition 8, as a result of having been unsuccessfully discharged from treatment.

On December 19, 2013, Appellant appeared before [the trial c]ourt for a hearing on his probation violation. Appellant was found in violation of his probation and sentenced to concurrent terms of two (2) years of special probation on the counts of aggravated indecent assault, indecent assault, and corruption of minors, with no further sentence on Count 2. Appellant filed a timely post-sentence motion, which was subsequently denied after consideration by [the trial c]ourt on January 10, 2014. On February 7, 2014, Appellant filed the instant appeal.[1]

(Trial Court Opinion, 4/09/14, at 1-2).

On appeal, Appellant raises the following questions for our review:

I. Whether the Commonwealth failed to present sufficient evidence to revoke Appellant's probation where it failed to prove that Appellant malingered on his polygraph examination and where the goal of the polygraph was to uncover evidence of new violations?

II. Whether the trial court abused its discretion in denying Appellant's [m]otion for [m]odification of [s]entence where his sentence of two (2) years' special probation is excessive and unreasonable as Appellant has already

_____

[1] On February 12, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on March 5, 2014. *See id.* On April 9, 2014, the trial court filed an opinion. *See* Pa.R.A.P. 1925(a).

served extended periods of incarceration and probation and where probation serves no further[] rehabilitative purpose?

(Appellant's Brief, at 6).

In his first issue on appeal, Appellant claims that the evidence was insufficient to sustain the revocation of probation because the Commonwealth did not prove that Appellant malingered on his polygraph and because the goal of the polygraph was to uncover evidence of new parole violations. (*See id.*).

The procedures for revoking probation and the rights afforded to a probationer during revocation proceedings are well settled:

When a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a *Gagnon I* hearing, that probable cause exists to believe that a violation has been committed. Where a finding of probable cause is made, a second, more comprehensive hearing, a *Gagnon II* hearing, is required before a final revocation decision can be made.

The *Gagnon II* hearing entails two decisions: first, a "consideration of whether the facts determined warrant revocation." *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). "The first step in a *Gagnon II* revocation decision . . . involves a wholly retrospective factual question: whether the parolee [or probationer] has in fact acted in violation of one or more conditions of his parole [or probation]." *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 1761, 36 L.Ed.2d 656 (1973) (citing *Morrissey*, *supra*, 408 U.S. at 484, 92 S.Ct. 2593). It is this fact that must be demonstrated by evidence containing probative value. "Only if it is determined that the parolee [or probationer] did violate the conditions does the second question arise: should the parolee [or probationer] be recommitted to prison or should other steps be taken to protect society and improve chances of rehabilitation?" *Gagnon v. Scarpelli*, *supra*, 411 U.S. at 784, 93 S.Ct. 1756, (citing *Morrissey v. Brewer*, *supra*, 408 U.S. at

484, 92 S.Ct. 2593, 33 L.Ed.2d 484). Thus, the **Gagnon II** hearing is more complete than the **Gagnon I** hearing in affording the probationer additional due process safeguards, specifically: (a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a neutral and detached hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole.

Further, we note that there is a lesser burden of proof in a **Gagnon II** hearing than in a criminal trial because the focus of a violation hearing is whether the conduct of the probationer indicates that the probation has proven to be an effective vehicle to accomplish rehabilitation and a sufficient deterrent against future antisocial conduct. Thus, the Commonwealth need only prove a violation of probation by a preponderance of the evidence.

**Commonwealth v. Allshouse**, 969 A.2d 1236, 1240-41 (Pa. Super. 2009) (some citations and quotation marks omitted). Lastly, a claim that the evidence was insufficient to sustain revocation is

a question of law subject to plenary review. We must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to support all elements of the offenses. A reviewing court may not weigh the evidence or substitute its judgment for that of the trial court.

**Commonwealth v. Perrault**, 930 A.2d 553, 558 (Pa. Super. 2007), *appeal denied*, 945 A.2d 169 (Pa. 2008) (citation omitted).

Initially, we note that while Appellant claims that the polygraph

examination was administered for the purpose of uncovering evidence of new parole violations, (**see** Appellant's Brief, at 6), he does not discuss this claim within his argument. (**See id.** at 16-21). Therefore, we find the claim waived. **See Commonwealth v. Jones**, 815 A.2d 598, 604 n.3 (Pa. 2002) (claims raised in the Statement of Questions Involved but not pursued in the body of the brief are waived). Also, to the extent that Appellant claims that his right against self-incrimination was violated by certain questions raised during therapy, (**see** Appellant's Brief, at 19-21), we find the issue waived because Appellant neither raised it below, (**see** N.T. Revocation Hearing, 12/19/13, at 10-12), nor in his Rule 1925(b) statement, (**see** Pa.R.A.P. 1925(b) Statement, 3/05/14, at unnumbered page 2). **See** Pa.R.A.P. 302(a); **Commonwealth v. Truong**, 36 A.3d 592, 598 (Pa. Super. 2012) (*en banc*), *appeal denied*, 57 A.3d 70 (Pa. 2012).

Here, Appellant did not dispute that he was "kicked out" of sex offender treatment. (N.T. Revocation Hearing, 12/19/13, at 2). Further, the evidence demonstrated that this was Appellant's third discharge from the program. (**See id.** at 5). The evidence also showed that the polygraph examination in question was a routine exit maintenance polygraph of the type that Appellant had successfully completed in the past. (**See id.** at 6, 16). Appellant's therapist, John Welch, testified that Appellant admitted in group therapy that he had attempted to manipulate the polygraph and withhold information. (**See id.** at 7). Mr. Welch also testified that Appellant

was being evasive and uncooperative in group therapy. (*See id.*). Both of these actions were violations of Appellant's treatment contract. (*See id.* at 8). Further, Mr. Welch testified that Appellant, who had previously been discharged from the program for using prostitutes, had recently "loan[ed]" a woman money then later engaged in sexual activity with her, behavior which concerned the therapist. (*Id.* at 7-8). While Appellant claimed that he was unable to complete the polygraph successfully because of his mental health issue and traumatic brain injury, the trial court did not credit this explanation because of Appellant's previous lack of difficulty with polygraph tests. (*See* Trial Ct. Op., at 8).

This evidence, particularly Appellant's admission to Mr. Welch that he was trying to manipulate a polygraph test required as a condition of the sex offender treatment program, was sufficient to sustain a revocation of probation. *See Perreault*, *supra* at 557-58 (evidence sufficient to sustain revocation of probation where Appellant made out-of-court statement admitting he violated condition of sex offender treatment program). Appellant's first claim lacks merit.

In his second issue, Appellant challenges the discretionary aspects of his sentence.[2] In a recent decision, *Commonwealth v. Cartrette*, 83 A.3d

---

[2] We note that Appellant preserved his discretionary aspects of sentence claim by filing a timely post-sentence motion for reconsideration of sentence. *See McAfee*, *infra* at 275.

1030 (Pa. Super. 2013) (*en banc*), an *en banc* panel of this Court held that "this Court's scope of review in an appeal from a revocation sentencing includes discretionary sentencing challenges." ***Cartrette***, ***supra*** at 1034. Thus, Appellant's claim is properly before us.

The right to appeal the discretionary aspects of a sentence is not absolute. ***See Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004), *appeal denied*, 860 A.2d 122 (Pa. 2004). When an appellant challenges the discretionary aspects of the sentence imposed, he must present "a substantial question as to the appropriateness of the sentence[.]" ***Commonwealth v. Anderson***, 830 A.2d 1013, 1017 (Pa. Super. 2003) (citations omitted). An appellant must, pursuant to Pennsylvania Rule of Appellate Procedure 2119(f), articulate "a colorable argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing scheme." ***Commonwealth v. Kimbrough***, 872 A.2d 1244, 1263 (Pa. Super. 2005) (*en banc*), *appeal denied*, 887 A.2d 1240 (Pa. 2005) (citation omitted). If an appellant's Rule 2119(f) statement meets these prerequisites, we determine whether a substantial question exists. ***See Commonwealth v. Goggins***, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*), *appeal denied*, 759 A.2d 920 (Pa. 2000). "Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which

are necessary only to decide the appeal on the merits." **_Id._** (emphases in original).

Here, Appellant has included a Rule 2119(f) statement in his brief. (**_See_** Appellant's Brief, at 13-15). Appellant argues that the sentence was manifestly excessive and unreasonable because he had already served the vast majority of his extensive sentence at the time of his discharge from the sex offender program. (**_See id._** at 14-15). This claim raises a substantial question. **_See Commonwealth v. Schutzues_**, 54 A.3d 86, 98 (Pa. Super. 2012), _appeal denied_, 67 A.3d 796 (Pa. 2013).

> [T]he imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. . . . Once probation has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist: (1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or, (3) such a sentence is essential to vindicate the authority of court.

**_Commonwealth v. Edwards_**, 71 A.3d 323, 327 (Pa. Super. 2013), _appeal denied_, 81 A.3d 75 (Pa. 2013) (citations omitted).

Here, as discussed by the trial court, Appellant's sentence was less than the maximum allowed by law. (**_See_** Trial Ct. Op., at 5). Further, the sentence imposed was less than that recommended by the probation officer, who requested reincarceration. (**_See_** N.T. Revocation Hearing, 12/19/13, at 8). Further, the trial court felt that sentence was

warranted as Appellant has repeatedly violated the conditions of his probation and is in need of continued therapy, as evidenced by his inability to successfully complete the therapy requirement. Extending the period of special probation will enable Appellant to seek further treatment in order to rehabilitate his sexually related behaviors so that he may no longer be a threat to young girls and society.

(Trial Ct. Op., at 5-6). Thus, the record amply supports Appellant's sentence of two more years of special probation and his claim that the sentence was excessive and unreasonable is meritless.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/2014