J-S62009-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHAZ HAWKINS, | |
| Appellant | No. 2005 WDA 2014 |

Appeal from the PCRA Order October 8, 2014
in the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0009411-2011

BEFORE: GANTMAN, P.J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED DECEMBER 2, 2015**

Appellant, Chaz Hawkins, appeals, *pro se*, from the order of October 8, 2014, which dismissed, without a hearing, his first counseled petition brought under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We take the underlying facts and procedural history in this matter from this Court's October 24, 2013 memorandum on direct appeal and our independent review of the certified record.

> During the trial, victim [Sineada] Goshay testified that [Appellant's brother] entered her house to purchase candy and acted suspiciously, and that prior to [him] leaving, two other men entered her home with guns. One of the perpetrators brandished a shotgun and pointed the gun at [Ronald] Anger,

---

[*] Retired Senior Judge assigned to the Superior Court.

the father [of] Goshay's baby, while the perpetrator with the handgun pointed it at their child. The perpetrator with the shotgun identified himself by the nickname "Face." Goshay further testified that this individual demanded money and rummaged through Anger's pockets, while Goshay offered them other items, including a debit card. Upon recognizing Anger's tattoo, "Face" told Anger that there were going to be "repercussions," and pulled down the mask that had been covering his face. Goshay testified that she was able to see the profile of the man's face, and identified [Appellant] as the man referred to as "Face." Goshay admitted that she did not write down the perpetrators' nicknames in her written statement to the police, as she was not aware that she needed to do so. However, she later explained that she told the police about [Appellant's] nickname. Goshay further testified that she feared for her life during the entirety of the incident.

Anger testified that after the [first] man entered, the other two perpetrators entered the home and brandished guns. As Anger stated, "[Appellant] holding a shotgun pushed me against the wall, put the gun to my stomach, went in my pockets, grabbed the money." Anger explained that the man identified himself as "Face" and questioned Anger about his Homewood tattoo; while the two spoke, the bandana fell, which allowed Anger to see the perpetrator's face. Anger identified [Appellant] as his assailant. [Appellant] and his co-conspirators took approximately one hundred to one hundred and fifty dollars from the family, and Goshay's debit card. Anger stated that as the men left his house, [Appellant] had his back to the door and pointed the gun at them. Anger further testified that on the day following the incident, he went to the police station and identified [Appellant] from a photo array of potential perpetrators.

(**Commonwealth v. Hawkins**, No. 1885 WDA 2012, unpublished memorandum at *2-*3 (Pa. Super. filed October 24, 2013) (quoting Trial Court Opinion, 2/14/13, at 2-4) (record citations omitted)).

On May 10, 2012, following a non-jury trial, the trial court found Appellant guilty of one count of robbery, one count of criminal conspiracy,

one count of persons not to possess a firearm, one count of simple assault, and three counts of recklessly endangering another person. On August 15, 2012, the trial court sentenced Appellant to an aggregate term of incarceration of not less than thirteen nor more than forty years. On August 27, 2012, Appellant filed a post-sentence motion, which the trial court denied on September 5, 2012.

On October 24, 2013, this Court affirmed the judgment of sentence and granted appellate counsel's request to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). (**See Hawkins**, **supra** at *1). Appellant did not seek leave to appeal to the Pennsylvania Supreme Court.

On June 24, 2014, Appellant, acting *pro se*, filed the instant timely PCRA petition. On July 1, 2014, the PCRA court appointed counsel. On August 29, 2014, PCRA counsel submitted a **Turner/Finley**[1] letter. On September 4, 2014, the PCRA court granted PCRA counsel's request to withdraw and issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1). Appellant did not file a response to the Rule 907 notice. On October 8, 2014, the PCRA court

_____

[1] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

dismissed Appellant's PCRA petition. The instant, timely[2] appeal followed. On December 16, 2014, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal. **See** Pa.R.A.P. 1925(b). Appellant filed a timely[3] Rule 1925(b) statement on January 13, 2015. On February 3, 2015, the PCRA court issued an opinion.[4] **See** Pa.R.A.P. 1925(a).

On appeal, Appellant raises the following question for our review.

Did the [PCRA c]ourt err when it denied [Appellant's PCRA p]etition without an evidentiary hearing, as he received constitutionally impermissible ineffective assistance of counsel?

(Appellant's Brief, at 4).

We review the denial of a post-conviction petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. **See Commonwealth v. Faulk**, 21 A.3d

---

[2] We note that the docket reflects that the notice appeal was filed on November 12, 2014. However, our review of the certified record shows that the envelope is date-stamped November 3, 2014. Thus, Appellant placed his appeal in the hands of prison authorities for mailing within the thirty-day period. **See** Pa.R.A.P. 903(a). Thus, under the "prisoner mailbox rule" the appeal is timely. **See Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011), *appeal denied*, 46 A.3d 715 (Pa. 2012) (citation omitted).

[3] Because the envelope containing the Rule 1925(b) statement is date-stamped January 8, 2015, it is timely under the prisoner mailbox rule.

[4] In its opinion, the PCRA court asks that this appeal be dismissed based upon Appellant's failure to file a Rule 1925(b) statement. (**See** PCRA Court Opinion, 2/03/15, at unnumbered page 2). However, as noted above, this statement is belied by the record. (**See also** Commonwealth's Brief, at 11-12 n.1).

1196, 1199 (Pa. Super. 2011). To be eligible for relief pursuant to the PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S.A. § 9543(a)(2). **See** 42 Pa.C.S.A. § 9543(a)(2). He must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. **See** 42 Pa.C.S.A. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544(b). Further,

> . . . a PCRA petitioner is not automatically entitled to an evidentiary hearing. We review the PCRA court's decision dismissing a petition without a hearing for an abuse of discretion.

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

**Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014) (citations omitted).

In his issue on appeal, Appellant claims he received ineffective assistance of trial counsel because counsel failed to investigate or call an alibi witness at trial. (*See* Appellant's Brief, at 14). We disagree.

Counsel is presumed effective, and an appellant bears the burden to prove otherwise. *See Commonwealth v. McDermitt*, 66 A.3d 810, 813 (Pa. Super. 2013). The test for ineffective assistance of counsel is the same under both the Federal and Pennsylvania Constitutions. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Commonwealth v. Jones*, 815 A.2d 598, 611 (Pa. 2002). An appellant must demonstrate that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. *See Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001), *abrogated on other grounds by Commonwealth v. Grant*, 813 A.2d 726 (Pa. 2002). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Jones*, *supra* at 611 (citation omitted).

In order to show that trial counsel was ineffective in failing to present the testimony of a witness, Appellant must demonstrate:

> the existence of and the availability of the witnesses, counsel's actual awareness, or duty to know, of the witnesses, the willingness and ability of the witnesses to cooperate and appear on the defendant's behalf and the necessity for the proposed testimony in order to avoid prejudice. Moreover, [an a]ppellant

must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case.

*Commonwealth v. Gibson*, 951 A.2d 1110, 1133 (Pa. 2008) (quotation marks and citations omitted).

Even assuming, *arguendo*, that Appellant has demonstrated that counsel was aware of the existence of the witness, his claim must fail because Appellant has not demonstrated the willingness and ability of the witness to testify on his behalf. In his *Turner/Finley* letter, PCRA counsel stated that he was "unable to communicate" with the proposed alibi witness and noted that, in correspondence, Appellant informed him that the witness was unsure if she was willing to cooperate. (*Turner/Finley* Letter, 8/29/14, at 7). Appellant did not reply to the Rule 907 notice or provide the PCRA court with any witness certifications or other documentation from the alibi witness concerning her willingness to testify. Thus, Appellant has not shown that trial counsel was ineffective for failing to call an alibi witness. *See Gibson*, *supra* at 1133-34. Therefore, there is no basis to upset the PCRA court's finding that Appellant was not entitled to PCRA relief.

Appellant also claims that the PCRA court erred in dismissing his petition without an evidentiary hearing. The Pennsylvania Rules of Criminal Procedure provide the trial court with the discretion to dismiss a PCRA petition without an evidentiary hearing if it is patently without merit. *See* Pa.R.Crim.P. 907. Because Appellant's ineffective assistance of counsel

- 7 -

claim lacks merit, he is not entitled to an evidentiary hearing. ***See Miller***, ***supra*** at 992.

Accordingly, for the reasons discussed above, we affirm the PCRA court's dismissal of Appellant's PCRA petition without a hearing.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/2/2015