J-A34040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GEOVANNI APONTE | |
| Appellant | No. 973 MDA 2015 |

Appeal from the PCRA Order May 6, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0001851-2012
CP-36-CR-0001852-2012

BEFORE:  PANELLA, J., OTT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JANUARY 04, 2016**

Geovanni Aponte appeals from an order dismissing his first, counseled petition brought under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  Aponte claims that he received ineffective assistance of counsel.  We affirm.

On February 6, 2012, Aponte was charged with burglary and theft by unlawful taking - movable property[1] for stealing a television and computer from his ex-girlfriend's residence.[2]  Aponte was represented by Beverly Rampaul, Esquire at his preliminary hearing.  Following the preliminary

_____

[1] 18 Pa.C.S. §§ 3502 and 3921, respectively.

[2] We will refer to Aponte's ex-girlfriend as "the victim".

hearing, Aponte was charged with another offense, intimidation of a witness,[3] for offering money to the victim in exchange for her dropping all charges. Aponte obtained new counsel, Joseph Kenneff, and pled guilty to one count of each offense. On February 8, 2013, the court sentenced Aponte to 5-10 years' imprisonment for intimidation of a witness and a consecutive term of 1½-5 years' imprisonment for burglary, totaling 6½-15 years' imprisonment. Aponte's theft conviction merged with his burglary conviction for purposes of sentencing. Aponte filed timely post-sentence motions, which the court denied, and a timely direct appeal to this Court, which affirmed his judgment of sentence on March 3, 2014.

On September 29, 2014, Aponte filed a timely PCRA petition alleging that attorney Rampaul provided ineffective assistance during his preliminary hearing which forced him to plead guilty to intimidation of a witness.[4] Specifically, Aponte contended that he pled guilty because Rampaul disclosed information to the Commonwealth in violation of the attorney-client privilege, and but for this disclosure, Aponte never would have been charged with or convicted of intimidation of a witness.

On May 6, 2015, the PCRA court convened an evidentiary hearing and received the following evidence. On February 8, 2012, two days after

---

[3] 18 Pa.C.S. § 4952.

[4] Aponte did not claim ineffective assistance with regard to the burglary or theft charges.

- 2 -

Aponte's arrest for burglary and theft, Aponte's new girlfriend appeared, uninvited, at the victim's residence and informed the victim that Aponte "[offered] half of the value of the items that [were] stolen" and promised to pay the remaining half upon his release from detention if the victim dropped the charges. Commonwealth Exhibit 1. On February 9, 2012, the victim gave a handwritten statement to a police detective concerning her discussion with Aponte's new girlfriend the previous day. Commonwealth Exhibit 2.

On March 1, 2012, the date of Aponte's preliminary hearing on the burglary and theft charges, Aponte met with attorney Rampaul before the hearing. Aponte testified that he told Rampaul that the victim "saw [Aponte's grandmother] out there in the street or whatever and she just told [Aponte's grandmother] that she just wanted the money back and she would drop the charge and that she wasn't gonna come in to court." N.T., 1/14/15, at 13. According to Aponte, Rampaul left him in the holding cell and returned a few minutes later and indicated that she told Assistant District Attorney ("ADA") Karen Mansfield what Aponte had just told her. *Id*. Rampaul advised that if Aponte did not take the Commonwealth's offer of a state sentence, the Commonwealth would file a charge of intimidating a witness. *Id*. Aponte was surprised that Rampaul told the ADA what they had discussed, and he obtained a new attorney, Joseph Kenneff, to replace Rampaul. *Id*. at 19-20.

Following the preliminary hearing, Aponte was charged with another offense, intimidation of a witness. The affidavit of probable cause underlying this charge stated that after the preliminary hearing, the police obtained recordings of telephone conversations from Lancaster County Prison between Aponte and the victim in which they agreed that she would not testify in exchange for money. Defendant's Exhibit 1. The police also obtained a prison recording of Aponte instructing his new girlfriend to pay $500.00 to the victim. N.T., 1/14/15, at 28. Aponte claimed that the Commonwealth obtained tapes of these incriminating calls only because of Rampaul's disclosure to the ADA. *Id*. at 19-20.

Aponte admitted that it ultimately was his decision to plead guilty based on Attorney Kenneff's advice that an open plea was in his best interest. N.T., 1/14/15, at 22. Nevertheless, Aponte claimed that he could have beaten the intimidation charge because of Rampaul's breach of the attorney-client privilege. *Id*. at 20, 24-25.

Multiple witnesses testified that the Commonwealth was aware of Aponte's intimidation of the victim *before* Rampaul spoke with ADA Mansfield. Attorney Kenneff testified that before the preliminary hearing (and before Rampaul's conversation with the ADA), the victim had submitted a written statement to the police concerning Aponte's offer of money. N.T., 1/14/15, at 47-48.

Attorney Rampaul testified that Aponte merely told her that Aponte's grandmother had paid the victim money for the items. N.T., 1/14/15, at 32. Rampaul further testified that she told the ADA that Aponte's grandmother paid the victim restitution, and she (Rampaul) did not believe that the victim was going to show up for the preliminary hearing. *Id*. Rampaul did not testify that Aponte told her that he himself offered money to the victim or asked the victim not to come to the hearing. *Id*.

Further, Rampaul testified that she did not reveal any information to the Commonwealth that the Commonwealth did not already have, because the ADA told Rampaul that the victim had already provided a written statement that Aponte's new girlfriend went to the victim's house and offered her money to drop the charges. N.T., 1/14/15, at 33.

Finally, ADA Mansfield testified that before talking to Rampaul about the case, she spoke with Detective Dierwechter regarding the victim's whereabouts. N.T., 1/14/15, at 50-51, 53. Detective Dierwechter said that the victim was not present and showed the victim's written statement to the ADA. *Id*. at 50. The ADA and Detective Dierwechter discussed the fact that Aponte's offer of money, even without a threat, constituted intimidation of a witness. *Id*. The ADA then met with Rampaul and stated that the victim was not present. Rampaul replied that she was under the impression that the victim was not going to be there, and the ADA stated that the victim was not there because Aponte intimidated her. *Id*. at 50-51. The ADA informed

Rampaul that if Aponte waived his preliminary hearing on the burglary and theft charges in return for a state prison sentence, the Commonwealth would not pursue the intimidation of a witness charge. *Id*. at 38, 51. The ADA also directed the detective to obtain Aponte's prison calls for evidence if Aponte refused to accept her offer. Aponte declined the offer, and the intimidation charge was filed. *Id*. at 52.

Based on this evidence, on May 6, 2015, the PCRA court entered an opinion and order denying Aponte's petition. On June 5, 2015, Aponte filed a timely notice of appeal. Both Aponte and the PCRA court complied with Pa.R.A.P. 1925.

Aponte raises the following issues in this appeal:

Whether the Court of Common Pleas erred in denying post-conviction relief where [Aponte's] conviction and plea were the result of prior counsel's unpermitted waiver of the attorney client privilege?

Whether the Court of Common Pleas erred in finding that [Aponte's] Plea was not the result of prior counsel's waiver of attorney client privilege?

Brief For Appellant, at 4. We review both questions together, because they concern the same issue.

"Our standard of review from the grant or denial of post-conviction relief is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. We will not disturb findings that are supported by the record." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super.2011). "The court's scope of

review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." **Commonwealth v. Duffey**, 889 A.2d 56, 61 (Pa.2005).

Further, counsel is presumed effective, and an appellant bears the burden to prove otherwise. **See Commonwealth v. McDermitt**, 66 A.3d 810, 813 (Pa.Super.2013). The test for ineffective assistance of counsel is the same under both the Federal and Pennsylvania Constitutions. **See Strickland v. Washington**, 466 U.S. 668, 687 (1984); **Commonwealth v. Jones**, 815 A.2d 598, 611 (Pa.2002). An appellant must demonstrate that:(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. **See Commonwealth v. Pierce**, 786 A.2d 203, 213 (Pa.2001), *abrogated on other grounds by* **Commonwealth v. Grant**, 813 A.2d 726 (Pa.2002). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." **Jones**, 815 A.2d at 611.

The PCRA court properly concluded that Aponte's PCRA petition lacks arguable merit. Aponte posits that (1) the Commonwealth charged him with intimidation of a witness because Rampaul disclosed attorney-client privileged information to ADA Mansfield, (2) the court should have excluded this disclosure from evidence as well as all other evidence obtained as a

result of this disclosure, thus leading to acquittal on this charge. Aponte's thesis is incorrect for two reasons. First, the information that Aponte disclosed to Rampaul, and that Rampaul disclosed to the ADA, did not cause the Commonwealth to charge Aponte with intimidation of a witness. Rampaul testified that Aponte merely told her that Aponte's grandmother paid the victim restitution. Rampaul merely told the ADA that Aponte's grandmother paid the victim and voiced her belief that the victim was not going to show up for the preliminary hearing. The PCRA court, sitting as factfinder, had the discretion to accept Rampaul's testimony as true, and we are bound by this finding of fact. *See Ousley*, 21 A.3d at 1242. It is inconceivable that Rampaul's remark to the ADA, "the grandmother paid the victim money," led the Commonwealth to accuse Aponte with intimidating the victim.

Second, the evidence against Aponte arose from a credible source independent of, and prior to, Rampaul's conversation with the ADA. Weeks before Rampaul's conversation with the ADA, the victim informed the police that Aponte had offered her money in exchange for dropping the charges. It was this evidence, not Rampaul's conversation with the ADA, that resulted in the intimidation of witness prosecution against Aponte.

For these reasons, we affirm the order dismissing Aponte's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/4/2016</u>