J-S43045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAWRENCE EDWARD SEVER | |
| Appellant | No. 1153 MDA 2015 |

Appeal from the PCRA Order June 23, 2015
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0000094-2010

BEFORE:  GANTMAN, P.J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:               **FILED OCTOBER 13, 2016**

Lawrence Sever appeals from an order denying his petition for relief under the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq*.  We affirm.

Sever was charged with involuntary deviate sexual intercourse ("IDSI") for sexually assaulting a nine year old boy, C.J., in October 2008. Sever, a Florida resident, had met C.J. and his mother when they lived in Florida and sexually assaulted C.J. near C.J.'s Florida residence.  C.J. and his mother later moved to Pennsylvania.  On October 21, 2008, Sever visited C.J. and his mother at their Pennsylvania residence, ostensibly to return some of their belongings that they had left behind in Florida, but Sever sexually assaulted C.J. again during this visit.

There were two jury trials before the Honorable Thomas Kelley. Clasina Houtman, Esquire, First Assistant Public Defender at the York County Public Defender's Office, represented Sever during both trials.

On October 15, 2010, the first trial ended in a mistrial. In January 2011, two weeks before the second trial, Houtman learned that Judge Kelley had been involved in a romantic relationship with another Public Defender, Janan Tallo, Esquire, during 2010 and January 2011. Judge Kelley and Tallo kept their romance secret, thus enabling Tallo to continue representing clients in Judge Kelley's courtroom.

Houtman was Tallo's supervisor in the Public Defender's Office. When the Public Defender's Office learned about the romance in January 2011, the Chief Public Defender, attorney Blocher, "had a conversation with Judge Kelley" and then removed Tallo from Judge Kelley's courtroom. N.T., 6/16/15, at 36. Tallo did not participate in any way in Sever's two trials.

On February 7, 2011, Sever's second jury trial began before Judge Kelley. On February 8, 2011, the evidentiary phase of trial concluded, the parties presented closing arguments, and Judge Kelley charged the jury. Later that night, Judge Kelley broke Tallo's elbow during a domestic dispute.

On February 9, 2011, Judge Kelley answered one question from the jury, and the jury found Sever guilty of IDSI. Following trial, Judge Kelley was assigned to another trial division, and Sever's case was reassigned to the Honorable Richard Renn.

Prior to his assault on C.J., Sever had a prior conviction and lengthy sentence in Florida for lewd and lascivious assault upon a child. Accordingly, at sentencing on October 27, 2011, Judge Renn treated Sever as a second-time sexual offender and imposed a term of 25-50 years' imprisonment, the mandatory minimum under 42 Pa.C.S. § 9718.2.[1] Sever filed timely post-sentence motions, which Judge Renn denied. On December 12, 2012, this Court affirmed on direct appeal. On May 13, 2014, the Supreme Court denied Sever's petition for allowance of appeal.

On March 16, 2015, Sever filed a timely PCRA petition, and he subsequently filed an amended PCRA petition. On June 16, 2015, Judge Renn held an evidentiary hearing. At the conclusion of the hearing, Judge Renn denied all but one of Sever's claims and took the remaining claim under advisement. On June 23, 2015, Judge Renn entered an order and opinion denying the remaining claim.

Sever filed a timely notice of appeal. On July 7, 2015, Judge Renn ordered Sever's counsel to file a Pa.R.A.P. 1925(b) statement within 21 days. Counsel failed to file a Pa.R.A.P. 1925(b) statement until August 21, 2015. On August 25, 2015, Judge Renn filed a Pa.R.A.P. 1925 opinion

---

[1] Sever does not challenge his mandatory minimum sentence as unconstitutional under **Alleyne v. United States**, -- U.S. --, 133 S.Ct. 2151 (2013). For the sake of completeness, we note that our Supreme Court has held that **Alleyne** does not apply retroactively to PCRA cases such as the present appeal. **Commonwealth v. Washington**, 142 A.3d 810 (Pa.2016).

incorporating by reference his June 23, 2015 opinion and his conclusions entered on the record during the PCRA hearing.

In criminal appeals, when the appellant fails to file a Pa.R.A.P. 1925(b) statement, this Court usually must remand for the filing of a Pa.R.A.P. 1925(b) statement *nunc pro tunc* and the filing of an opinion by the court of common pleas. Pa.R.A.P. 1925(c)(3). Remand is not necessary, however, when counsel files an untimely Pa.R.A.P. 1925(b) statement and the trial court files an opinion addressing the issues presented. ***Commonwealth v. Burton***, 973 A.2d 428, 433 (Pa.Super.2009). Here, counsel for Sever filed an untimely Pa.R.A.P. 1925(b) statement, but Judge Renn filed an opinion incorporating by reference his previous decisions rejecting the issues in Sever's PCRA petition. Under these circumstances, remand for further proceedings is unnecessary.

Sever raises four issues in this appeal, which we have re-ordered for the sake of disposition:

> 1. Whether the trial court erred in denying PCRA relief on the grounds that Attorney Houtman did not disclose a conflict of interest to [Sever] [?]
>
> 2. Whether the trial court erred in denying relief for Attorney Houtman failing to request Judge Kelley recuse himself prior to the start of the second trial [?]
>
> 3. Whether the trial court erred in denying relief for Attorney Houtman failing to call William West and Daniel Wilson as witnesses from Florida [?]

4.  Whether the trial court erred in denying relief on the grounds that Attorney Houtman failed to properly advise [Sever] about a potential plea offer [?]

Brief For Appellant, at 4.

We review Sever's first and second arguments together.  Sever claims that attorney Houtman had a "conflict of interest" due to Judge Kelley's romantic relationship with another attorney in the Public Defender's Office, Tallo, and that Houtman provided ineffective assistance by failing to disclose this conflict to Sever or moving for Judge Kelley's recusal.  The best that we can discern from Sever's brief is that he claims: (1) Judge Kelley held an *animus* against the entire Public Defender's Office following Tallo's removal from his courtroom, (2) Judge Kelley blamed Houtman for Tallo's removal; (3) Judge Kelley's hostility created a conflict of interest between Houtman's duty to represent Sever zealously and Houtman's duty of loyalty towards the Public Defender's Office; (4) Houtman should have informed Sever about this conflict prior to Sever's second trial to enable Sever to obtain counsel from some other office, (5) Houtman was ineffective for failing to tell Sever about this issue, and (6) Houtman was ineffective for failing to file a motion seeking Judge Kelley's recusal from the second trial.

"Our standard of review from the grant or denial of post-conviction relief is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. We will not disturb findings that are supported by the record." ***Commonwealth***

***v. Ousley***, 21 A.3d 1238, 1242 (Pa.Super.2011). "The court's scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party." ***Commonwealth v. Duffey***, 889 A.2d 56, 61 (Pa.2005).

Further, counsel is presumed effective, and the PCRA petitioner bears the burden to prove otherwise. ***Commonwealth v. McDermitt***, 66 A.3d 810, 813 (Pa.Super.2013). The test for ineffective assistance of counsel is the same under both the Federal and Pennsylvania Constitutions. ***Strickland v. Washington***, 466 U.S. 668, 687 (1984); ***Commonwealth v. Jones***, 815 A.2d 598, 611 (Pa.2002). The petitioner must demonstrate that: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate the appellant's interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. ***Commonwealth v. Pierce***, 786 A.2d 203, 213 (Pa.2001), *abrogated on other grounds by* ***Commonwealth v. Grant***, 813 A.2d 726 (Pa.2002). An issue has arguable merit if the facts upon which the claim is based are true, and the law on which the claim is premised could afford relief. ***Commonwealth v. Jones***, 876 A.2d 380, 385 (Pa.2005). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." ***Jones***, 815 A.2d at 611.

"A defendant cannot prevail on a conflict of interest claim absent a showing of actual prejudice." ***Commonwealth v. Spotz***, 896 A.2d 1191, 1231 (Pa.2006). Although a presumption of prejudice arises when there exists an "actual conflict of interest," this presumption applies only where counsel "actively represented conflicting interests." ***Id.*** at 1232.

In this case, Sever failed to present any evidence that Houtman "actively represented conflicting interests." ***Id***. As the PCRA court stated following the PCRA hearing, "there is no testimony whatsoever that anything was going on either between [Houtman] and Judge Kelley or between [Houtman] and attorney Tallo [that] created a conflict between [Houtman] and … Sever." N.T., 6/16/15, at 71. The record supports the PCRA court's conclusion. Houtman testified during the PCRA hearing that her relationship with Judge Kelley was more "adversarial" during Sever's first trial (before Judge Kelley's romantic relationship with Tallo came to light) than during Sever's second trial. ***Id***. at 33. Thus, Houtman's relationship with Judge Kelley did not suffer as a result of Tallo's removal from Judge Kelley's courtroom. Further, Houtman was not responsible for Tallo's removal from Judge Kelley's courtroom. Instead, the chief Public Defender, Blocher, had a conversation with Judge Kelley after the romance came to light, and Blocher then ordered Tallo's removal. ***Id***. at 36. Sever did not present any evidence, either during trial or the PCRA hearing, that Judge Kelley blamed Houtman for Tallo's removal. Nor can Sever identify a single ruling during

his second trial that was affected by Tallo's removal. Finally, Sever cannot identify any manner in which Tallo's removal from the courtroom impeded Houtman's representation of Sever. In short, Sever's conflict of interest claim is mere speculation.

Sever's second argument -- Houtman was ineffective for failing to move for Judge Kelley's recusal -- fails as well. Recusal is necessary only when there is evidence of bias, prejudice or unfairness which raises a substantial doubt as to the jurist's ability to preside impartially. *Commonwealth v. White*, 910 A.2d 648, 657 (Pa.2006). It is not necessary to demonstrate actual prejudice; an appearance of prejudice is sufficient to justify recusal. *Id*. Sever failed to present any evidence that Judge Kelley was prejudiced against Houtman due to Tallo's removal (or due to any other reason), or that there was an appearance of such prejudice.

For these reasons, Sever's first and second arguments in this appeal fail for lack of arguable merit and lack of prejudice.

In his third argument, Sever asserts that Houtman was ineffective for failing to call William West and Daniel Wilson as witnesses from Florida. Sever's entire argument on this issue is as follows:

> By the time [PCRA] counsel was appointed[,] both Mr. West and Mr. Wilson were deceased. [Sever] was only able to present his testimony on what he believed that they would have been available to testify about. Attorney Houtman testified about the efforts that she investigated all the witnesses. [Sever] believes that more should have been done to preserve their testimony.

Brief For Appellant, at 12.

To sustain a claim that trial counsel was ineffective for failing to call a witness, there must be evidence of record that (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew, or should have known, of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony of the witness was so prejudicial as to have denied the defendant a fair trial. **Commonwealth v. Wantz**, 84 A.3d 324, 331 (Pa.Super.2014).

Sever's claim lacks arguable merit. The PCRA court credited Houtman's testimony that William West died before Sever's first trial. N.T., 6/16/15, at 31. The PCRA court accurately observed that Sever failed to present any evidence that Houtman could have arranged for West's deposition before his death. *Id*. at 72. Further, Sever admitted that Daniel Wilson refused to speak to Houtman's investigator when the investigator called him. *Id*. at 19.

Finally, Sever argues that Houtman was ineffective for failing to properly advise him about a guilty plea offer of 10-20 years' imprisonment in exchange for pleading guilty to two misdemeanor charges. The PCRA court properly rejected this claim. The record confirms that the Commonwealth never made any such offer. Houtman testified that she did not recall receiving any offer. N.T., 6/16/15, at 27. In addition, the Commonwealth observed that it never would have made an offer of 10-20 years' imprisonment for two misdemeanors, because the maximum sentence for a

first degree misdemeanor at the time of Sever's second trial was 2½-5 years' imprisonment, yielding a maximum consecutive sentence of 5-10 years' imprisonment for two misdemeanors. *Id*. at 54-55.

For these reasons, we affirm the order denying Sever's PCRA petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/13/2016