J-S93029-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TYRIQUE I. JACKSON | |
| Appellant | No. 3708 EDA 2015 |

Appeal from the PCRA Order dated November 19, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009821-2007

BEFORE: DUBOW, J., SOLANO, J., and PLATT, J.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED MARCH 28, 2017**

Appellant, Tyrique I. Jackson, appeals *pro se* from the order dismissing his petition filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. Upon review, we affirm on the basis of the PCRA court's opinion.

On November 5, 2008, a jury convicted Appellant of third-degree murder. We previously summarized the facts underlying Appellant's conviction as follows:

> On April 22, 2007, Ryan Haywood, Cedric Dowtin, David Alston, and Sterling Almond all met on East Bringhurst Street in Philadelphia so that Mr. Haywood could videotape Mr. Dowtin perform a rap. Mr. Dowtin's rap was about a dispute he was having with Appellant. While Mr. Dowtin was rapping about Appellant, a small crowd formed to watch his performance.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant then arrived on the scene with a large group of people. Appellant called out to Mr. Dowtin, asking him if he was talking about Appellant in his rap. Then, Appellant pulled out a gun and fired a series of shots in the direction of Mr. Dowtin and the crowd that was watching him perform. Mr. Alston and another man, who was part of the crowd, Terrell Martin, were both shot but were able to run to safety. Mr. Almond, however, was shot through his left arm, with the bullet traveling through his chest. Mr. Almond was transported to the hospital where he was pronounced dead.

*Commonwealth v. Jackson*, 4 A.3d 201 (Pa. Super. 2010) (unpublished memorandum at 1-2).

On December 19, 2008, the trial court sentenced Appellant to 20 – 40 years' incarceration. Appellant filed a direct appeal and this Court affirmed his judgment of sentence. *See id.* Appellant then petitioned the Supreme Court for allowance of appeal. The Supreme Court denied this request on November 27, 2012. Appellant did not seek review with the United States Supreme Court, such that his conviction became final on February 25, 2013. U.S. S.Ct. Rule 13; 42 Pa.C.S. § 9545(b)(3).

On April 2, 2013, Appellant filed the instant PCRA petition *pro se*. On December 19, 2013, the PCRA court appointed counsel, Attorney O'Hanlon, to represent Appellant. Attorney O'Hanlon filed a "no merit" letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988), and sought to withdraw his appearance on February 20, 2014. On May 27, 2014, the PCRA court issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907. On May 29, 2014, Appellant hired counsel, Attorney Cooley, who substituted his appearance on

Appellant's behalf and requested additional time to review Appellant's case. The PCRA court granted Attorney Cooley's request. However, Attorney Cooley ultimately petitioned to withdraw his appearance, which the PCRA court granted on August 18, 2015. The PCRA court once again appointed Attorney O'Hanlon to represent Appellant.

On October 13, 2015, the PCRA court entered an order noting that counsel had filed a "***Finley*** letter" and advising of its Rule 907 Notice to dismiss the PCRA petition without a hearing. Appellant filed a *pro se* response on October 28, 2015. On November 19, 2015, "after again reviewing the no-merit letter filed by Mr. O'Hanlon and all filings," the PCRA court issued the order dismissing Appellant's PCRA petition and granting Attorney O'Hanlon's request to withdraw his appearance. Appellant's *pro se* appeal followed.

Appellant raises ten issues for our review:

> [1.] Whether the PCRA court abused its discretion in dismissing Petitioner's petition for post-conviction relief without first affording [P]etition[er] the opportunity to correct and amend his petition and proceed pro se?
>
> [2.] Whether the lower court erred in dismissing Petitioner's claim that trial counsel was ineffective for failing to investigate, interview, and present eyewitness Rodney Stevens at trial?
>
> [3.] Whether the lower court erred in dismissing Petitioner's claim that trial counsel's failure to object to the trial court's jury instruction on third degree murder and request a supplemental "beyond a reasonable doubt" charge was ineffective?

- 3 -

[4.]     Whether the lower court erred in dismissing Petitioner's claim that trial counsel's failure to present the testimony of character witnesses who were available to establish Petitioner's reputation for peacefulness and non-violence deprived Petitioner of effective assistance of counsel?

[5.]     Whether the lower court erred in dismissing Petitioner's claim that trial counsel was ineffective for failing to object to the prosecutor's improper remarks during closing arguments and move for a mistrial, or in the alternative request a cautionary instruction?

[6.]     Whether the lower court erred in dismissing Petitioner's claim that appellate counsel was ineffective for failing to argue (on direct appeal) how the trial court's error prejudiced the Petitioner?

[7.]     Whether the lower court erred in dismissing Petitioner's claim that appellate counsel was ineffective for failing to challenge the legal sufficiency of the verdict?

[8.]     Whether the lower court erred in dismissing Petitioner's claim that trial counsel was ineffective for failing to request a charge on Petitioner's theory of defense?

[9.]     Whether the lower court erred in dismissing Petitioner's claim that trial counsel's failure to request an instruction on the limited purpose for which the jury could consider evidence that Petitioner was a violent and dangerous man?

[10.]     Whether the lower court erred in dismissing Petitioner's claim that trial counsel's failure to object to the trial court requiring substantial doubt in order for an acquittal was ineffective?

Appellant's Brief at 4.

Preliminarily, we recognize there is no absolute right to an evidentiary hearing on a PCRA petition because it is within the PCRA court's discretion to refuse to hold a hearing if the petitioner's allegations are either "patently

frivolous" or have no evidentiary or record support. *See Commonwealth v. Khalifah*, 852 A.2d 1238, 1239–40 (Pa. Super. 2004). We review a denial of a post-conviction petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *See Commonwealth v. Faulk*, 21 A.3d 1196, 1199 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001).

To be eligible for relief pursuant to the PCRA, an appellant must establish, among other things, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2). He must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. *See id.* at § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post-conviction proceeding." *Id.* at § 9544(b).

Here, Appellant, in nine of his ten issues, asserts that he received ineffective assistance of counsel. Counsel is presumed effective, and Appellant bears the burden to prove otherwise. The test for ineffective assistance of counsel is the same under both the Federal and Pennsylvania Constitutions. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Commonwealth v. Jones*, 815 A.2d 598, 611 (Pa. 2002). Appellant must demonstrate: (1) his underlying claim is of

arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. ***See Commonwealth v. Pierce****,* 786 A.2d 203, 213 (Pa. 2001), ***abrogated on other grounds by Commonwealth v. Grant****,* 813 A.2d 726 (Pa. 2002). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. ***See Jones, supra*** at 611.

Upon review of the record, we conclude that the Honorable Jeffrey P. Minehart, sitting as the PCRA court, has authored an opinion which accurately and adequately addresses each of the issues raised by Appellant on appeal. Judge Minehart's April 12, 2016 opinion cites the record and expands upon the aforementioned prevailing legal authority in reviewing Appellant's claims and explaining why they lack merit. Accordingly, we adopt the PCRA court's opinion as our own. The parties shall attach a copy of the PCRA court's opinion in any further proceedings.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2017