J-S25007-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
ZACHARY SCOTT THOMPSON :
:
Appellant : No. 1532 MDA 2019

Appeal from the PCRA Order Entered August 30, 2019
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s):  CP-21-CR-0000998-2016

BEFORE:  LAZARUS, J., DUBOW, J., and KING, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED JULY 29, 2020**

Zachary Thompson appeals from the order, entered in the Court of Common Pleas of Cumberland County, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

In December of 2015, Thompson sexually assaulted his cousin, H.F., when H.F. was visiting Thompson's home for a birthday party.  N.T. Jury Trial, 10/25/16, at 66-67.  Thompson was charged with rape,[1] involuntary deviate

---

[1] 18 Pa.C.S. §3121(a)(1).

sexual intercourse,[2] sexual assault,[3] two counts of corruption of minors,[4] and indecent assault.[5]

Attorney Joshua Yohe from the Cumberland County Public Defender's Office represented Thompson at trial. N.T. PCRA Hearing, 5/2/19, at 23. On October 24, 2016, the day of trial, the parties agreed to mutual sequestration of witnesses. N.T. Jury Trial, 10/24/16, at 5. Thompson did not intend to call any witnesses at that time. *Id.* After the Commonwealth rested its case, Attorney Yohe learned that Petra Trego, Thompson's father's girlfriend, had information useful for Thompson's defense. N.T. Jury Trial, 10/25/16, at 116. The Commonwealth objected to Trego testifying because Trego had been present for the entire trial, contrary to the sequestration order. *Id.* The trial court ultimately precluded Trego from testifying noting that:

> [U]nder the circumstances of this case, your client and his family have known from the start what the issues were, and the issue was whether or not [H.F.] was indeed raped without any consent, whether there was a forcible rape. And clearly her attitude, her demeanor, on the day after in question would have been relevant, and, frankly, the fact that someone sits through the trial and brings it up at this late stage, I'm sorry, but I'm not going to permit it.

*Id.* at 118.

---

[2] 18 Pa.C.S. §3123(a)(1).

[3] 18 Pa.C.S. § 3124.1.

[4] 18 Pa.C.S. §3601(a)(1)(ii); 18 Pa.C.S. §6301(a)(1)(i).

[5] 18 Pa.C.S. § 3126(a)(1).

On October 26, 2016, a jury convicted Thompson of sexual assault, two counts of corruption of minors, and indecent assault. On January 31, 2017, the trial court sentenced Thompson to three to six years of imprisonment, plus four years of probation to run consecutively to the prison term; at that time, Thompson was notified of lifetime registration requirements pursuant to the Sex Offender Registration and Notification Act (SORNA).[6]

Attorney Geoffrey McInroy represented Thompson during sentencing, post-sentence motions, and on appeal. N.T. PCRA Hearing, 5/2/19, at 43. Thompson timely filed post-sentence motions in which he preserved the sequestration issue. At the post-sentence motion hearing on February 28, 2017, Trego testified that she told Attorney Yohe before trial that she would be willing to testify regarding H.F.'s behavior the morning after the assault, which she described as normal. Post-Sentence Motion Hearing, 2/28/17, at 13. The trial court denied Thompson's post-sentence motions on June 8, 2017.

The defendant filed a timely notice of appeal on July 7, 2017. Despite including the sequestration issue in his court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, Attorney McInroy only argued sufficiency and weight of the evidence claims in Thompson's appellate brief. *Commonwealth v. Thompson*, 1087 MDA 2017 (Pa. Super., filed

---

[6] 42 Pa.C.S.A. §§ 9799.10-9799.41. As a Tier III offender, Thompson was subject to lifetime registration. 42 Pa.C.S.A. §9799.15(a)(3).

June 29, 2018) (unpublished memorandum). Our Court affirmed Thompson's judgment of sentence on June 29, 2018. *Id.*

Thompson filed a *pro se* PCRA petition on September 5, 2018. On February 19, 2019, Thompson's newly-appointed counsel filed an amended PCRA petition, arguing that Thompson's trial counsel was ineffective for failing to sequester and prepare Trego as a witness, and that Thompson's appellate counsel was ineffective for failing to argue the sequestration issue on direct appeal.

On May 2, 2019, Thompson, Attorney Yohe, and Attorney McInroy testified at the PCRA hearing. Attorney Yohe testified that Trego told him she had valuable information for the defense only after the Commonwealth had rested its case in chief. N.T. PCRA Hearing, 5/2/19, at 26. Attorney Yohe did not consider Trego's testimony important given his trial strategy. *Id.* at 39. At trial, H.F. did not testify explicitly as to consent; Attorney Yohe's strategy was to frame the situation as consensual sex that H.F. later regretted. *Id.* If the sex was consensual, Attorney Yohe posited, H.F. would have been acting normally the next morning, so Attorney Yohe did not believe Trego's testimony was relevant. *Id.* Attorney McInroy testified that he did not include the Trego sequestration issue in Thompson's appellate brief because he believed that it had little chance of success, and that the weight and sufficiency issues were stronger. *Id.* at 46. On direct appeal, Attorney McInroy sought to focus this Court's attention on the stronger issues. *Id.*

On August 30, 2019, the PCRA court denied Thompson's petition. Thompson filed a timely notice of appeal on September 23, 2019, followed by a court-ordered Rule 1925(b) concise statement of errors complained of on appeal. Thompson presents the following issue for our review,

> "Whether the PCRA court [erred] when it denied defendant's claim for ineffective assistance of [appellate] counsel for failing to brief the preserved issue of the trial judge sustaining the Commonwealth's objection to defense witness at trial?"

Appellant's Brief, at 2.

Our standard of review for the denial of a PCRA petition is to determine whether the PCRA court's findings are supported by the record and free from legal error. *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). The scope of our review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA level. *Id.*

Thompson argues that Attorney McInroy was ineffective for failing to brief, on direct appeal, the issue of whether the trial court erred by sustaining the Commonwealth's objection to defense witnesses Trego's testimony after she failed to follow the prior sequestration order.

The law presumes that counsel was effective, and the burden falls on the appellant to show otherwise. *Id.* To prevail on an ineffectiveness claim, Thompson must show that: (1) his underlying claim has arguable merit; (2) appellate counsel had no reasonable basis for his action or inaction; and (3) appellate counsel's error prejudiced Thompson such that there is a reasonable

probability the outcome at trial would have been different absent such error. *Id.* Thompson must prove that, in light of all other alternatives, the strategy actually chosen was so unreasonable that no competent lawyer would have chosen it. *Commonwealth v. Buska*, 655 A.2d 576, 582-83 (Pa. Super. 1995). If the chosen strategy had some reasonable basis, then counsel's assistance is deemed effective. *Commonwealth v. Williams*, 899 A.2d 1060, 1064 (Pa. 2006). A strategy is considered reasonable if after making an informed choice, the strategy chosen could have reasonably been considered to advance and protect the defendant's interests. *Buska*, *supra* at 582-83. After review, we conclude that Thompson has failed to establish that appellate counsel had no reasonable basis for his decision to exclude the sequestration issue from Thompson's appellate brief.

Thompson argues that: "Not including the [sequestration issue] . . . did not elevate [Attorney McInroy's] . . . argument on sufficiency of the evidence. It only acted to waive [Thompson's] constitutional challenge to the trial court's ruling." Appellant's Brief, at 9. At the PCRA hearing, Attorney McInroy testified that he believed the sequestration issue was correctly decided, and further explained that, under an abuse of discretion standard, he believed the claim had little chance of success on appeal. N.T. PCRA Hearing, 5/2/19, at 53-54. Attorney McInroy testified that the aim of his strategy was to elevate the strength of the weight and sufficiency claims by not including a frivolous issue. *Id.*

Contrary to Thompson's argument that excluding issues on appeal is not a valid strategy, the Pennsylvania Supreme Court has stated that counsel is under no obligation to raise all meritorious claims and, in fact, should be selective in what claims to raise. ***Commonwealth v. Jones***, 815 A.2d 598, 614 (Pa. 2002). "This process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." ***Id.*** (quoting ***Jones v. Barnes***, 463 U.S. 745, 751-52 (1983)).

In light of the foregoing, Thompson has failed to establish that appellate counsel had no reasonable basis for his decision not to raise the sequestration issue on appeal. Accordingly, appellate counsel cannot be deemed ineffective, and Thompson is entitled to no relief. ***Williams***, ***supra***.

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/29/2020